JOSEPH WALSH, Appellant, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

The provision of the act of 1861 (Chap. 308, Laws of 1861), in relation to contracts by the city of New York, requiring that all contracts "shall be awarded to the lowest bidder for the same with adequate security and every such contract shall be deemed confirmed in and to such lowest bidder at the time of the opening of the bids, estimates or proposals therefor, and such contract shall be forthwith duly executed * * * with such lowest bidder," does not compel the making of a contract by the city with such lowest bidder. While no contract can be let to other than the lowest bidder, the body awarding the contract, acting in good faith, may refuse to award it to him if they deem it for the best interest of the city to do so; they may reject all the bids and readvertise.

In June, 1881, the department of docks of the city of New York advertised for proposals for work in building a pier and repairing other piers. The

advertisement contained a notice to bidders that "the right to decline all estimates is reserved if deemed for the interest of the corporation." Three proposals were received for building the pier and two for repairing the others. Upon opening the bids.it appeared that the bidders, other than plaintiff, proposed to do the work for sums which aggregated for both jobs $14,500 less than plaintiff's bid, but their bids were not accompanied by checks as provided by the city ordinance. All of the bids were rejected, the work was readvertised and contracts for the work awarded to the lowest bidders under such readvertisement. Their bids were much less in the aggregate than plaintiff's original bid. Plaintiff brought this action to recover damages for a refusal to accept his bid under the first advertisement. *Held*, that the action was not maintainable.

(*Mem.* of decision below, 23 J. & S. 535.)

(Argued March 6, 1889; decided March 26, 1889.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York in favor of defendant, entered upon an order made November 21, 1887, which set aside a verdict in favor of plaintiff directed by the court, subject to the opinion of the court at General Term, and directed judgment to be entered in favor of defendant.

The nature of the action and the facts are sufficiently stated in the opinion.

*E. J. Myers* for appellant. The only remedy of a party occupying the plaintiff's position is an action for damages, because if all legal requirements have been performed he is absolutely entitled to the contract; it must be deemed confirmed in and to him at the time the bid was opened, under chapter 308 of the Laws of 1861. (*People* v. *Dowdney*, 99 N. Y. 641; *People ex rel. McKone* v. *Green*, 11 Hun, 56, 61; *People ex rel. Belden* v. *Contracting Bd.*, 27 N. Y. 378, 382; *People* v. *Foy*, 3 Lans. 398; *Baird* v. *Mayor, etc.*, 83 N. Y. 254, 259; *Devlin* v. *Mayor, etc.*, 63 id. 8, 25; *People* v. *Campbell*, 72 id. 496.) In such a case *mandamus* will not lie. (*People ex rel. Perkins* v. *Hawkins*, 46 N. Y. 9; *Ex parte Lynch*, 2 Hill, 45; *Ex parte Firemen's Ins. Co.*, 6 id. 343; *Shipley* v. *Mechanics' Bk.*, 10 Johns. 484; *People* v. *Croton Bd.*, 49 Barb. 259.) The commissioners were required to execute the contract to the lowest bidder, because, under the

act (chap. 308) of 1861, they had no authority or power to advertise that they reserved the right to reject all bids. (*People ex rel. Dowdney* v. *Thompson*, 99 N. Y. 641; *Baird* v. *Mayor, etc.*, 83 id. 254, 258; *Hallock* v. *Donnelly*, 19 Pac. Rep. 680; *Lyddy* v. *Long Island City*, 104 N. Y. 218.)

*John C. Shaw* for appellant. The plaintiff, by exhibiting the check to the officer in charge and depositing it according to his direction with the proposal or estimate, was entitled to a reception and consideration of his bid. (Laws of 1873, chap. 335, § 91; Laws of 1881, chap. 147, § 1; Revised Ordinances of 1880, chap. 7, art. 1, §§ 2, 7; *In re Second Ave. M. E. Church*, 66 N. Y. 395; *In re New York, etc., Bridge*, 72 id. 527.) The plaintiff having performed all the conditions and requirements of law was entitled to have the contract awarded to him, or to recover damages for the failure so to do. (*Baird* v. *Mayor, etc.*, 83 N. Y. 254; *People ex rel. Dowdney* v. *Thompson*, 33 Hun, 641; *In re P. E. School*, 58 Barb. 161, 164; *In re Marsh*, 83 N. Y. 431; *Russ* v. *Mayor, etc.*, 12 Leg. Obs. 38; *Smith* v. *Mayor, etc.*, 10 N. Y. 504; *People ex rel. Dinsmore* v. *Croton Aqueduct Bd.*, 5 Abb. Pr. 316.)

*David J. Dean* for respondent. The commissioners of docks had the right to reject all the bids on the 29th of July, 1881, and readvertise the work. (Laws 1873, chap. 335, § 91; Laws 1881, chap. 147.) The term, "when given," in the statute clearly implies that a discretion may be exercised as to whether or not the contract shall be given at all. (*People ex rel. McKown* v. *Green*, 50 How. Pr. 503; *People* v. *Contracting Bd.*, 33 N. Y. 382; 27 id. 378; Laws 1857, chap. 446, p. 887; *People* v. *C. A. Bd.*, 6 Abb. Pr. 42.) The plaintiff's bid was irregular, because he failed to fulfill the condition precedent to the reception of his proposal prescribed by chapter 147 of the Laws of 1881, viz., a deposit with the head of the department of a certified check or money. (*People ex rel. Dowdney* v. *Thompson*, 33 Hun, 661; *Baird* v. *Mayor, etc.*, 83 N Y. 254; *People ex rel. Wood* v. *Lacombe*, 99 id. 43, 49; *Bell* v. *Mayor, etc.*, 105 id. 139.)

PECKHAM, J. In June, 1881, the department of docks of the city of New York advertised for proposals for doing work, (1), for building pier No. 57 North River; (2), for repairing six piers on the same river. In the advertisement for proposals for such work the department notified all bidders that "the right to decline all estimates is reserved if deemed for the interest of the corporation." Three proposals were received for building pier 57, and two were received for repairing the six piers. Upon opening the bids it appeared that bidders other than the plaintiff proposed to do the work for sums which in the aggregate for both jobs were $14,500 less than the bids of the plaintiff for the same work. The bids of such others were, however, informal as they were not accompanied by the proper checks provided for by ordinance of the city, and hence no contracts could be awarded to such bidders. The commissioners of the dock department, therefore, rejected all the bids and advertised anew, and awarded contracts for the work to the lowest bidders under such re-advertisement, and they refused to enter into contract with the plaintiff, who was the lowest bidder on the first advertisement, whose bid was regular. The plaintiff now claims that the commissioners had no right to reject his bid, and has brought this action to recover damages for their refusal to enter into contract with him and to permit him to carry it out. It is admitted that his damages, if the refusal of the commissioners were illegal, and the action can be maintained, amount in all, on both jobs, to $16,000. The court directed a verdict for that sum subject to the opinion of the court at General Term upon a case made, and that court directed judgment for the defendant, from which the plaintiff appeals here. There were other questions made in the case, among others that the plaintiff's own bids were irregular; but in the view we take of the case it is not necessary to discuss or decide them. The plaintiff contends that, by virtue of the provisions of chapter 308 of the Laws of 1861, entitled "An act relative to contracts by the mayor, aldermen and commonalty of the city of New

York," his bid, being the lowest formal bid, entitled him as matter of right to an award of the contract at the time of the opening of the bids.

It is true that the language of that act is quite peremptory, and provides that all contracts " shall be awarded to the lowest bidder for the same, with adequate security, and every such contract shall be deemed confirmed in and to such lowest bidder, at the time of the opening of the bids, estimates or proposals therefor, and such contract shall be forthwith duly executed * * * with such lowest bidder." Under such law it is quite clear that no contract could be let to any person other than to the lowest bidder with adequate security. The obvious purpose was to secure to the city the advantages of having its work done by the lowest bidder therefor after proper advertisement. I do not think that it meant to compel the making of a contract even with such lowest bidder, if it were plain that the bids were all largely in excess of the real cost of the work. If by combination or other cause all of the bids were greatly in excess of such cost, and it so appeared to the commissioners, and that the true interests of the city demanded that none of such bids should be accepted, we think that such commissioners, acting in good faith, would have the right to reject them all, and advertise over again. The existence of such a power might frequently be necessary to protect the city against fraudulent combinations, evidenced, perhaps, by informal bids for low prices, and if such power did not exist, ending in the award of a contract to the lowest bidder whose bid was formal, but at a price enormously in excess of the real cost of the work. It was never intended, as we think, to render it absolutely necessary in such a case that an award of the contract should be made to such a bidder. It was meant that no contract should be awarded to any but the lowest bidder, and whether to him or not, would be a question for the body awarding the contract, acting in good faith, and for what they deemed the true interests of the city.

If otherwise, if there were but one bid, and that vastly in advance of a fair price and decent profit, nevertheless, the city

would be bound to have such a contract saddled upon it. It would require the plainest commands from the legislature before we should be able to bring ourselves to think for a moment that any such result was intended. We do not think that the act cited contains such language, or that it was ever intended to accomplish any such end. In this case those who proposed to bid were distinctly warned in the advertisement that this right to decline all proposals was reserved, if it were deemed for the best interests of the city so to do.

The good faith of the commissioners is not impugned, and, indeed, it would be difficult to do it successfully in face of the fact that the plaintiff's bids were, in the aggregate, over $14,500 more than other bids made at the same time, which were simply informal; and, upon a readvertisement, the bids which were accepted were for a much less aggregate sum than were the plaintiff's bids on the original advertisement.

There are no cases to which the plaintiff has called our attention that are in conflict with these views, and they lead to an affirmance of the judgment, with costs.

All concur.

Judgment affirmed.