PEOPLE *ex rel.* SAVINGS BANK OF NEW LONDON *v.* COLEMAN *et al.*, Commissioners of Taxes.

*(Supreme Court, General Term, First Department.  March 31, 1892.)*

1. TAXATION—PROPERTY OF FOREIGN SAVINGS BANK.
  Stock of national banks in the state of New York, held by a savings bank of another state, is taxable in New York, though the property of the savings bank is exempt by the laws of its own state.
2. SAME—DEDUCTING LIABILITIES.
  Though the deposits of a savings bank are exempt from taxation, its assets cannot be entirely disregarded on an assessment of its national bank stock for taxation; and the savings bank is not entitled to set off the entire amount of its liabilities against the stock so held.
  PATTERSON, J., dissenting.

Appeal from special term, New York county.

*Certiorari* on the relation of the Savings Bank of New London, Conn., to review the action of Michael Coleman and others, commissioners of taxes and assessments in the city of New York, in assessing certain national bank stock of the relator. The relator appeals from an order dismissing the writ. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON and O'BRIEN, JJ.

*Richards & Heald* and *Brownell & Lathrop*, (*S. B. Brownell*, of counsel,) for appellant.

The decision of the assessors was erroneous and illegal upon the following grounds: *First.* The relator, being a savings bank, is exempted by the laws of the state of New York from all taxation upon its personal property, including its bank shares. *Second.* The assessment is not authorized by the federal law, under which the national banks were incorporated, nor by the laws of New York, because the debts of the relator should have been al-

lowed or offset against the assessment of its national bank shares. The federal courts have condemned the course followed by the commissioners herein, and have repeatedly and continuously held that such assessments, though made under state statutes ·authorizing them, are illegal and void: *Stanley* v. *Supervisors*, 105 U. S. 305, and 121 U. S. 535, 7 Sup. Ct. Rep. 1234; *Bank* v. *City of New York*, 121 U. S. 138, 7 Sup. Ct. Rep. 826; *Whitbeck* v. *Bank*, 127 U. S. 193, 8 Sup. Ct. Rep. 1121; *People ex rel Hanover Ins. Co.* v. *Coleman*, 44 Hun, 47, 48. "The act of 1882 (chapter 409, § 312) does not discriminate in favor of other capital against capital invested in shares of national banks. It expressly provides that in the assessment of national bank shares each stockholder shall be allowed all the deductions allowed by law in assessing the value of other taxable property owned by individual citizens of this state. * * * The effect of what has been done is to discriminate against these bank shares contrary to the federal act, and contrary also to the true view of the state act. Such discrimination cannot be made, either directly or indirectly. * * * No question of form should be permitted to interfere with what is contemplated by the statute." Opinion of Mr. Justice BARRETT at special term in *Hanover Ins. Co.'s Case*, affirmed at general term on appeal, 44 Hun, 47, 48, where the court say: This would be making a "discrimination against national bank shares, in contravention of the federal statutes. No other class of personal property could be made, in this way, a subject for taxation; and therefore national bank stock cannot by any such process be withdrawn from the exceptions and deductions allowed to other personal property." *Third.* The decision of the tax commissioners assessing the relator is a violation of the fourteenth amendment of the constitution of the United States: "No state shall deny to any person within its jurisdiction the equal protection of the laws."

*William H. Clark,* Corp. Counsel, (*George S. Coleman,* of counsel,) for respondents.

*First.* An exemption of property accorded to the relator by the statutes of Connecticut would not avail to exempt such property in the state of New York. *Catlin* v. *Trustees*, 113 N. Y. 142, 20 N. E. Rep. 864. *Second.* Savings banks are not wholly exempt from taxation under the laws of the state of New York. Chapter 456, Laws 1857, § 4, provides: "The deposits in any bank for savings which are due to depositors * * * shall not be liable to taxation, other than the real estate and stocks which may be owned by such bank, * * * and which are now liable to taxation under the laws of the state." Even under the provisions of this act, an exemption could not properly be claimed for bank stocks owned by savings banks, and liable to taxation under our laws. By chapter 861, § 1, Laws 1867, the privileges and franchises of a savings bank are liable to taxation to an amount not exceeding the gross sum of their surplus earned after deducting the amount of such surplus invested in United States securities. This act was repealed in 1875, (chapter 371, § 56,) but in 1882 the repealing act of 1875 was itself repealed, (chapter 402, § 1, par. 33,) thus reviving the provisions of the act of 1867. *People* v. *Beers*, 67 How. Pr. 225. In the case cited the court held that the property in the hands of a savings bank might be taxed in this state, after deducting (1) the amount of all the just debts owing by it; and (2) the amount of its assets actually invested in United States securities. Id. 226. *Third.* Even if a savings bank, as such, were not taxable, under the laws of this state, on its deposits and accumulations, it would still be liable to taxation as a stockholder in a national bank, without regard to the ownership of the shares. *Bank* v. *Boston*, 125 U. S. 60, 8 Sup. Ct. Rep. 772. In the case last cited it was held that even a national bank was lawfully taxable as a stockholder of another national bank, although, under the laws of the United States, a tax upon the first-named bank directly by the state would be illegal. On pages 69 and 70, 125 U. S., and page 777, 8 Sup. Ct. Rep., the supreme court of the

United States say: "It is contended that no tax is thereby authorized upon the national bank itself as a corporation, nor upon the personal property of any such, and that, therefore, these shares in the National Bank of Redemption are exempt from taxation by virtue of their ownership. This, however, is not a reasonable interpretation of the language of the section. The manifest intention of the law is to permit the state in which a national bank is located to tax, subject to the limitations prescribed, all the shares of its capital stock without regard to their ownership. The proper inference is that the law permits, in the particular instance, the taxation of the national banks owning shares of the capital stock of another national bank by reason of that ownership, on the same footing with all other shares." *Fourth.* If the relator were a New York savings bank, its assessments for 1890 could not be successfully assailed on the ground of illegality or error. *Fifth.* The assessment and taxation of the relator's bank stock was not made at a greater rate than that applied to other moneyed capital in the hands of individual citizens of this state. The authority under which the several states assess bank stock of the national banks is found in section 5219 of the Revised Statutes of the United States, as follows: "Nothing herein shall prevent all the shares in any association from being included in the valuation of the personal property of the owner or holder of such shares in assessing taxes imposed by authority of the state within which the association is located; but the legislature of each state may determine and direct the manner and place of taxing all the shares of national banking associations located within the state, subject only to the two restrictions that the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state, and that the shares of any national banking association owned by nonresidents of any state shall be taxed in the city or town where the bank is located, and not elsewhere. Nothing herein shall be construed to exempt the real property of associations from either state, county, or municipal taxes to the same extent, according to its value, as other real property is taxed." The laws of the state of New York governing the taxation of bank stock have been upheld by the supreme court of the United States. *Bank* v. *City of New York,* 121 U. S. 138, 7 Sup. Ct. Rep. 826; *Palmer* v. *McMahon,* 133 U. S. 660, 10 Sup. Ct. Rep. 324. If an actual discrimination existed, the extent of the error should affirmatively appear in order to entitle the party aggrieved to the relief of the court. *Bank* v. *Parker,* 41 Fed. Rep. 402, 409, 410. The provisions of our state law with respect to the taxation of bank stock are found in chapter 409 of the Laws of 1882, § 312 *et seq.* They will be found to correspond with the requirements of the federal laws. Sections 325 and 326 of chapter 409 of the Laws of 1882 recognize the exemption accorded by the Revised Statutes to stocks owned by the state, or by literary or charitable institutions, and make special provisions therefor. Unless a savings bank of another state is to be deemed to be within the purview of the statutes relating to "charitable institutions," the principle *expressio unius exclusio alterius* would seem fatal to the contention of the relator in the present case. If we regard the relator as on a par with an individual citizen of the state of New York, every allowance has been made, even including the deduction of deposits as debts, that would be available to one of our own "taxable inhabitants." *Sixth.* The order of special term should be affirmed.

O'BRIEN, J. This appeal presents the question whether it was error upon the part of the tax commissioners to assess shares held by relator in New York city national banks for taxation in 1890 to the amount of $92,464. The facts, as they appear from the petition and return to the *certiorari,* show that the relator and appellant is a corporation created by and under the laws of Connecticut. On the second Monday of January, 1890, the relator was the owner of certain shares of stock in various banks located in the city of

New York, and was assessed for taxation as a stockholder in the aggregate sum of $156,284. The relator having applied for a cancellation of the assessment, the tax commissioners considered it, and took evidence concerning the property of the savings bank, ascertaining, among other things, the following facts: That the relator was a moneyed and business corporation, organized and doing business as a savings bank, in and under the laws of the state of Connecticut, and that it had no office nor business nor tangible property within the city or state of New York. That the gross assets of the relator

| | |
|---|---|
| amounted to | $4,611,798 64 |
| And its liabilities were | 3,675,159 59 |
| Leaving a gross surplus of | $ 936,639 05 |

After deducting from this gross surplus an amount representing all property of the relator not liable to taxation, or taxable elsewhere than in New York city, or real estate, which deduction aggregated — 743,772 34

| | |
|---|---|
| There remained a net surplus of | $192,866 71 |
| The difference between the actual value of shares assessed | $256,462 50 |
| And the net taxable surplus of the relator | 192,866 71 |
| | $ 63,595 79 |

The difference between the actual value of the stock of the bank shares and the assessed value thereof is explained by the fact that, pursuant to the provisions of section 312 of chapter 409 of the Laws of 1882, a deduction is required to be made from the actual value in order to determine the assessed value; deducting from the original valuation — $156,284 00
The excess of valuation — 63,595 79

Leaving a taxable balance of — $ 92,688 21
This amount is slightly in excess of the aggregate assessment actually imposed upon the relator, which, as we have stated, was — $ 92,464 00

The tax commissioners also ascertained that the relator had no "capital stock," so called, and was neither taxed nor taxable in Connecticut, on the value of its assets, for local purposes, but was taxable in said state on its corporate franchises only; that in the assessment and taxation of bank shares and other forms of personal estate in the state of Connecticut no deduction is by law allowed for the debts of the owner of such property. The relator claims that the decision of the assessors was erroneous and illegal upon the following grounds: *First*, that the relator, being a savings bank, is exempted by the laws of the state of New York from taxation on its personal property, including its bank shares; *second*, that the assessment is not authorized by the federal law under which the national banks were incorporated, nor by the laws of New York, because the debts of the relator should have been allowed or offset against the assessment of its national bank shares. These grounds were held by the learned judge at special term to be untenable, and we see no ground for disturbing the conclusion thus reached. In overruling the first position taken by the appellant, that savings banks are wholly exempt from taxation under the laws of the state of New York, the learned judge referred to the case of *People* v. *Beers,* 67 How. Pr. 225, which fully considers this question, and with the reasoning thereof we are entirely satisfied. In that case, after examining the statutes in reference to savings banks, it was held that the property in the hands of a savings bank might be taxed in this state, after deducting—*First,* the amount of all the just debts

owing by it; and, *second,* the amount of its assets actually invested in United States securities. Even though the relator could show an exemption of property accorded by the statutes of Connecticut, this would not avail to exempt such property in the state of New York. *Catlin* v. *Trustees*, 113 N. Y. 142, 20 N. E. Rep. 864.

In support of the second ground urged by appellant, it is insisted that the commissioners' refusal to allow the debts of the relator to offset or go in reduction of the assessment of it as a stockholder in the national bank was illegal and erroneous, and against both the federal and state law. It is a little difficult for us to follow the process of reasoning by which any such deduction can be made, based on the action of the commissioners. Their return shows that, taking all the assets of the bank, and deducting therefrom all the liabilities of every kind, there remained a gross surplus, which in part consisted of real estate and property, not liable to taxation, or taxable elsewhere than in New York city, which was deducted for the purpose of ascertaining the net surplus. It was by following this method, as we have seen, of allowing the debts and liabilities to be offset against the assets, that the balance was reached. Appellant cannot seriously urge that, because the amount of assets necessary to pay depositors is exempt from taxation, in reaching a conclusion as to what property of a savings bank can be taxed the assets are to be entirely disregarded, and against any particular piece of property or asset otherwise liable to taxation the bank shall be entitled to offset the entire amount of its liabilities. This, in effect and in substance, would be to exempt banks from all taxation upon any and all property, which, as we have seen, is not the law in this state, because it is hardly conceivable that any bank actively engaged in business could not at all times present a statement of liabilities in the shape of the amount due depositors, if nothing more, which would exceed a particular class of property or a particular asset sought to be taxed. We agree with appellant that no assessment for taxation upon national banks, or the holders of their stock, can be laid except in accordance with the terms of the federal law, and that one of the conditions or limitations imposed by that law is that the taxation shall not be at any higher rate than that imposed upon money capital in the hands of individual citizens.

The question remains, however, has the federal statute been violated? The laws of this state governing the taxation of bank stock have been upheld by the supreme court of the United States, and we must therefore regard that question as settled. *Bank* v. *City of New York*, 121 U. S. 138, 7 Sup. Ct. Rep. 826; *Palmer* v. *McMahon*, 133 U. S. 660, 10 Sup. Ct. Rep. 324. By referring to the provisions of our state law with respect to the taxation of bank stock, (chapter 409, Laws 1882,) it will be found that they correspond with the requirements of the federal laws, and make provision for the two restrictions placed upon the right to tax as found in section 5219 of the Revised Statutes of the United States, which is the authority under which the several states assess bank stock of the national banks. This statute, appellant insists, has been violated by a discrimination made against it, but it nowhere affirmatively appears what, if any, is the extent of such discrimination, and this should affirmatively appear to entitle the relator to any relief by the court based on such a ground. Not only does appellant claim such discrimination, without any proof to support it, but it was further urged that the learned court below fell into an error in stating that the commissioners "pursued the same course as is required by law in the case of an individual or domestic corporation." It has not been pointed out to us what portion of this statement is error, nor has it been suggested in what respect the treatment accorded to the relator was different from that which was accorded and extended to citizens or corporations of this state. We might present the question in another view, viz.: If it had been shown that some method other than the one pursued towards the relator had been adopted in reference to New

York banks or citizens, a ground of complaint might be presented. We feel satisfied, however, upon examining all the proceedings of the commissioners, that, if the relator were a New York savings bank, the assessment made could not be successfully assailed on the ground of illegality or error. Stocks held by savings banks are not to be accorded the exemption granted by the Revised Statutes to stocks owned by the state or by literary or charitable institutions, because the statute expressly exempts the latter institutions. Apart from those reasons already alluded to, the case of *Bank* v. *Boston,* 125 U. S. 60, 8 Sup. Ct. Rep. 772, is a seeming authority for the proposition that even if a savings bank, as such, were not taxable under the laws of this state on its deposits and accumulations, it would still be liable as a stockholder in a national bank, without regard to the ownership of the shares. It is unnecessary for us to consider *seriatim* the other arguments advanced by the appellant, as they have been fully met and ably answered by the respondents in a brief which disposes of every question presented by appellant on this appeal. Upon an examination, therefore, of the entire record, it not appearing that the action of the commissioners was either illegal or erroneous, we think that the order appealed from should be affirmed, with costs and disbursements.

VAN BRUNT, P. J., concurs in result. PATTERSON, J., dissents.