THE PEOPLE OF THE STATE OF NEW YORK ex rel. J. B. LYON COMPANY, Appellant, *v.* JOHN T. McDONOUGH et al., Constituting the Printing Board of the State of New York et al., Respondents.

1. PUBLIC OFFICERS — WHEN STATUTES IMPOSING DUTIES UPON, ARE NOT REQUIRED TO BE LITERALLY PERFORMED IN UNESSENTIAL PARTICULARS. Where a statute or ordinance requires the performance by public officers of a certain specified act, or that it shall be performed in a certain specified manner, they must at least substantially comply with these requirements to render their acts valid. But such a statute or ordinance is not required to be literally performed in unessential particulars, where there has been a substantial compliance which answers the purpose or intent of the statutory requirements.

2. STATE PRINTING LAW — WHEN FORM OF GUARANTY ATTACHED TO PROPOSAL FOR CONTRACT FOR LEGISLATIVE PRINTING SUFFICIENTLY COMPLIES THEREWITH — UNIMPORTANT VARIANCE IN BID — LEGISLATIVE CONSTRUCTION. A contract made for legislative printing in strict accordance with the State Printing Law (L. 1901, ch. 507), in which the only defect claimed is that the proposal of the lowest bidder, to whom the contract was awarded, did not have a guaranty indorsed thereon in the precise language of section 5, requiring "a satisfactory guaranty for the proper performance of the contract," although the guaranty was in the

form required by the State Printing Board as prescribed by section 10, relating to department printing, but requiring precisely the same guaranty as section 5, and was to the effect that if the bidder's proposal was accepted it would enter into a contract in compliance with it and give the necessary security, is valid, the guaranty being a sufficient, although not a literal, compliance with the requirements of the statute ; since such defect must be regarded as an unimportant variance in the proposal, especially where the legislature, having in section 10 set forth a form which it regarded as a sufficient compliance with the provisions of the required guaranty, must be regarded as having construed the meaning of the words used in section 5.

3. INTENT OF STATUTE. The purpose of the statute was not that the performance of the final contract should be guaranteed before it was made, but that the contract or agreement involved in the proposals should be performed by entering into the final contract and giving the necessary security, thus preventing "straw" bids. Nor is a double guaranty of the performance of the final agreement required; when the second guaranty is given it supersedes the first, and such is the intent and purpose of the statute.

*People ex rel. J. B. Lyon Co.* v. *McDonough,* 76 App. Div. 257, affirmed.

·(Argued December 1, 1902; Decided January 6, 1903.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 14, 1902, confirming a determination of the state printing board which awarded the legislative printing to the respondent The Argus Company.

The facts, so far as material, are stated in the opinion.

*Franklin M. Danaher* for appellant. The statute prohibits the printing board from receiving or considering a bid to do the legislative printing which has not annexed thereto a statutory guaranty for the proper performance of the contract signed by a duly certified guarantor. (L. 1901, ch. 507.) If the statute under which a public officer contracts prescribes any special formalities for the making of the contract, they must be complied with. A failure in this regard makes the contract utterly void. The action of the printing board in awarding the contract in question to The Argus Company, which failed to comply with the statutory requirements that it should annex to its bid a satisfactory guaranty for the

proper performance of the contract, and the contract itself are void, and the determination of the printing board in the premises should be annulled. (Mechem on Public Officers, §§ 501, 511, 522, 661, 663, 828, 830, 833, 834; *Wells* v. *Town of Salina,* 119 N. Y. 287; *Smith* v. *New York,* 10 N. Y. 504; *Walsh* v. *Mayor, etc.,* 113 N. Y. 142; *Matter of Clamp,* 33 Misc. Rep. 250; *L. E. Co.* v. *Syracuse,* 33 Misc. Rep. 516; *People ex rel.* v. *Thompson,* 19 Wkly. Dig. 455; *Walsh* v. *Mayor, etc.,* 23 J. & S. 536; *Russ* v. *Mayor, etc.,* 12 N. Y. Leg. Obs. 38; *Brady* v. *Mayor, etc.,* 20 N. Y. 312; *Cowen* v. *Vil. of West Troy,* 43 Barb. 49.)   A public officer, where his authority is defined and limited by statute, has no discretion. He cannot ignore and dispense with a statutory limitation on his power in letting public contracts and then excuse his dereliction by the plea that he complied with the real meaning and true intent and purpose of the provisions of the statute. (*Brady* v. *Mayor, etc.,* 20 N. Y. 312; *McDonald* v. *Mayor, etc.,* 68 N. Y. 23; *Dickinson* v. *Poughkeepsie,* 75 N. Y. 65; *Mahan Case,* 20 Hun, 302; 81 N. Y. 621; *Vil. of Fort Edward* v. *Fish,* 156 N. Y. 374; *Russ* v. *Mayor, etc.,* 12 N. Y. Leg. Obs. 38; *Smith* v. *Mayor, etc.,* 10 N. Y. 504.)   There is no duty or requirement placed by law on the printing board to furnish to bidders a blank form of guaranty.   Bidders are chargeable in law with notice of the statutory requirements as to proposals, and the fact that the blank form of proposal furnished by the printing board failed to have annexed thereto the guaranty required by statute is no excuse for its omission by The Argus Company, and no answer to the contention that its proposal was void for want of the same. (*Smith* v. *Mayor, etc.,* 10 N. Y. 504; *Walsh* v. *Mayor, etc.,* 23 J. & S. 536.)

*Amasa J. Parker, Jr.,* for The Argus Company, respondent. The legislature expressly defined a form for the guaranty such as the printing board provided and The Argus Company used. (L. 1901, chap. 507; Black on Interp. Laws, 189; *Pitte* v. *Shipley,* 46 Cal. 161; *James* v. *Du Bois,* 16 N. J. L.

293 ; *Rhodes* v. *Weldy*, 46 Ohio, 234 ; *Raymond* v. *Cleve-land*, 42 Ohio, 234 ; Bishop on Written Laws, § 95a ; *Cortauld* v. *Legh*, Eng. Ch. 126 ; Hardcastle on Stat. Law, 219 ; Endlich on Interp. Stat. § 35 ; Southerland on Stat. Const. § 255 ; *F. Bank* v. *Hale*, 59 N. Y. 53.)

Martin, J. This proceeding was instituted by a certiorari to review the action of the printing board. The relator, the J. B. Lyon Company, the respondent The Argus Company, with others were bidders for the legislative printing for the year commencing October 1, 1902. The lowest bid was made by, and the contract was awarded to, The Argus Company. The relator claims that the bids of The Argus Company and other competing bidders were not made in conformity with the provisions of the State Printing Law, Laws 1901, chapter 507.

By this proceeding it is sought to have the action of the printing board in awarding the contract reviewed and the contract annulled. The Argus Company was, upon its own application, made a party to this proceeding. Upon the return of the printing board, the answer of The Argus Company, and after hearing and considering the argument of the respective parties, the Appellate Division duly affirmed the action of the board.

The statute under which the bids were made and the contract awarded divides the state printing into three classes : Legislative printing, department printing, and the printing of the session laws. Section five relates to proposals and contracts for legislative printing, and provides that the state printing board shall advertise in newspapers printed in certain specified cities in the state that it will receive proposals for the legislative printing for the year commencing October first ; and that upon receiving such proposals it shall enter into a contract with the person, corporation or firm making the lowest bid. It is also required to furnish all persons desiring to bid for such printing with blanks, which shall properly set forth the various items upon which bids will be

received, as provided and described in the notice of publication. The statute also declares : " To every bid there shall be annexed a satisfactory guaranty for the proper performance of the contract by a guarantor, certified by the county judge of the county, or a supreme court judge of the district where the guarantor resides, that said guarantor is a freeholder and able to make good his guaranty, together with a certified check, cash or New York draft to the amount of twenty thousand dollars."

The only objection raised to the bid of The Argus Company, or the contract made with it, is that the former did not comply with the foregoing provision requiring the annexation of a satisfactory guaranty for the proper performance of the contract. The guaranty furnished was as follows : " I hereby guarantee that if the foregoing bid for the public or Legislative printing is accepted, that they (The Argus Company) will enter into a contract in compliance with said proposals, and give the necessary security." Thus, instead of using the specific words set forth in the statute, there was indorsed upon its bid a guaranty that it would enter into a contract in compliance with the proposals and give the necessary security.

It is urged by the relator that as the state printing board was a body created by statute, it had no power to award a contract upon any bid which did not literally comply with the requirements of the statute. The obvious purpose of the statute in requiring this guaranty was to assure a responsible bidder for its printing contracts, to prevent frauds, and to avoid bids by irresponsible persons, firms or corporations. If that was the purpose of the statute, then when The Argus Company furnished a guaranty to enter into the contract in compliance with the proposals of the board, it had in all essential particulars complied with the act and assured the object sought to be thereby attained. The guaranty that it would enter into the contract in compliance with the proposals could mean nothing less than that the company would make a contract which would bind it to carry out the pro-

visions contained therein, and, hence, it was in effect a guaranty of the proper performance of the contract. That the company's guaranty was a sufficient compliance with the statute .is plainly indicated by other provisions of the act. In providing for bids or proposals for the other two classes of printing, the department printing and the printing of the session laws, which were provided for by sections ten and eleven of that act, we find that the statute requires precisely the same guaranty as is required by section five, and that in section ten the form of the guaranty to be attached to proposals for department printing, where the statute also requires " a satisfactory guaranty for the proper performance of the contract," is given. The guaranty there provided for is in all essential particulars identical with that indorsed upon the proposals of The Argus Company, and was entirely identical with that contained in the proposals furnished by the state printing board under the provisions of section five. While section five does not set out the form of the guaranty to be furnished, section ten does. Therefore, we find that the legislature, in the same statute, has set forth a form which it regarded as a sufficient compliance with the provisions of the required guaranty under another section of the statute which was·identical in terms with that contained in section five. Thus we have the legislative construction of the meaning of its own words, which it would seem could be safely adopted by the courts.

As we have already seen, the principal contention of the appellant is that the statute prohibits the printing board from receiving or considering a bid to do the legislative printing which has not annexed thereto a guaranty in the language of section five. It insists that this statute is mandatory, and unless its provisions as to the guaranty were strictly and literally complied with, the printing board had no authority to consider the bid or proposals of The Argus Company, or to award to it the contract for the legislative printing. Among others, it cites as sustaining that doctrine the following cases : *Smith* v. *Mayor, etc., of N. Y.* (10 N. Y. 504) ; *Brady* v. *Mayor, etc., of N. Y.* (20 N. Y. 312) ; *Brown* v. *Mayor, etc.,*

*of N. Y.* (63 N. Y. 239) ; *McDonald* v. *Mayor, etc., of N. Y.* (68 N. Y. 23); *Parr* v. *Village of Greenbush* (72 N. Y. 463) ; *Dickinson* v. *City of Poughkeepsie* (75 N. Y. 65); *Smith* v. *City of Newburgh* (77 N. Y. 130) ; *Lyddy* v. *Long Island City* (104 N. Y. 218) ; *Walsh* v. *Mayor, etc., of N. Y.* (113 N. Y. 142) ; *Wells* v. *Town of Salina* (119 N. Y. 280) ; *People ex rel. Coughlin* v. *Gleason* (121 N. Y. 631); *Ziegler* v. *Chapin* (126 N. Y. 342); *Kramrath* v. *City of Albany* (127 N. Y. 575) ; *Village of Fort Edward* v. *Fish* (156 N. Y. 363).

Before proceeding further with the discussion of the ques-
tion involved, it is perhaps proper to examine the cases to
which we have referred and ascertain the doctrine established
by them, and thus determine whether the appellant's conten-
tion is actually sustained by these authorities.

In the *Smith* case, where an ordinance required security
for the performance of a contract in double the sum stated
in the proposal, it was held that security in general terms for
the faithful performance of the contract was not a substantial
compliance with the ordinance, and the common council was
not bound by such bid *until* it was approved and ratified, and
that it was not obliged to accept or ratify the contract under
those circumstances. In *Brady* v. *Mayor*, bids were invited
for grading and paving a street upon an estimate by which
the bids were to be tested. The estimate did not include any
rock excavation, although bids for such excavation, if any
should be needed, were called for, and it was held that a con-
tract awarded upon such estimate was illegal, the lowest bidder
not being capable of ascertainment, and that the confirmation by
the common council of an assessment based upon such illegal
contract did not give it validity as against the corporation.
The *Brown* case is to the effect that the legislature has power
to ratify a contract entered into by a municipal corporation
for a public purpose which is *ultra vires*, and thus ratified it
is valid and binding. In *McDonald* v. *Mayor* it was held
that where, at the request of the superintendent of roads, the
plaintiff delivered certain stone and gravel to be used in

188 People ex rel. J. B. Lyon Co. *v.* McDonough. [Jan.,

Opinion of the Court, per Martin, J.     [Vol. 173.

repairing the streets, he could not recover the value against the city where it was not alleged or proved that a necessity for the materials was certified to by the department of public works, or that the expenditure was authorized by the common council, or that a contract was entered into with the lowest bidder after publication as required by the charter. In the *Parr* case it was held that where there was no provision in the village charter requiring the contract to be in writing, it might be made by a simple resolution of the board accepting the proposition, or by a resolution specifying the terms of the contract assented to by the other party. Where the law requires municipal officers, before entering into contracts, to advertise and to contract with the lowest bidder, a contract made without complying with those requirements imposes no obligation upon the municipality. In the *Dickinson* case, where the statute required the contract to be let to the lowest bidder who should give due security upon public notice of proposals, it was held that any other contract was wholly unauthorized and void; also, that where one of the competitors was allowed to alter his bid to make it appear lower than that of the others, and then, after acceptance of this bid, a contract was made at higher prices, with a large number of prices stipulated for therein not in the competition at all, and with a material clause inserted to the benefit of the contractor, in no manner contemplated by or offered to the other bidders, held that the contract was unauthorized and void, and did not confer upon the contractor any right of action, and that no recovery could be had upon *quantum meruit*. In *Smith* v. *Newburgh*, where the statute authorized the common council of the city to improve its water works, and no power was given to the council to lease premises for the purpose, where the rent was more than ten thousand dollars, without notice published and a special election held, it was decided that a lease executed in contravention of the statute was void and could not be enforced against the city. In that case it is said that where the officers of a municipal corporation fail to pursue the strict require-

ments of a statutory enactment in contracting for the municipality, it is not bound, nor is it bound by any acts of its officers in ratification of its illegal contract, and that a person dealing with a municipal body is bound to see that the provisions of the statute under which it is acting are fully complied with, and if this is not done, no subsequent act of the municipal officers can make the contract effective.   The *Lyddy* case is to the effect that a person can contract with a municipal corporation only through its authorized agents, and is chargeable with notice of the limitations upon their official authority imposed by general laws.   Where the common council has no authority to create a liability against it by express contract, it cannot legalize such a claim by acknowledgment, ratification or otherwise.   In the *Walsh* case, where the statute awarded to the lowest bidder for the same with adequate security, contracts by the city, and provides that every contract should be confirmed in and to such lowest bidder at the time of opening the bids, and such contract should be forthwith executed with such lowest bidder, it was held that the statute did not compel the making of a contract by the city with such lowest bidder; that while no contract could be let to other than the lowest bidder, the body awarding it, acting in good faith, might refuse to award it to him if *they* deemed it for the best interest of the city to do so, and might reject all bids and readvertise.   *Wells* v. *Town of Salina* is to the effect that the powers of towns or municipal corporations organized for governmental purposes are limited and defined by the statutes under which they are constituted, and they possess only such powers as are expressly conferred by statute or necessarily implied, and it also holds that the defendant had no general power to borrow money for municipal purposes or to pay town charges.   In *People ex rel. Coughlin* v. *Gleason* it was held that where a municipal charter provided that contracts for work should be let to the lowest responsible bidders the officials authorized to let a contract might not arbitrarily reject the lowest bid and accept a higher one without facts tending to show that the lowest

190 People ex rel. J. B. Lyon Co. *v.* McDonough. [Jan.,

Opinion of the Court, per Martin, J. [Vol. 173.

bidder was not responsible or at least some pretense to that effect, and that a contract thus let was illegal and the relator could not recover for the work performed under it, even though allowed by the common council, as it had no jurisdiction to do so. In the *Ziegler* case, where the statute authorized the city of Brooklyn to purchase certain water works, and in case it was unable to do so to condemn the same within two years, it was held that it was the duty of the officials to attempt an agreement with reasonable promptness, and if unsuccessful, to commence proceedings for condemnation, and that the authority to purchase did not extend beyond the two years allowed for such proceeding. In *Kramrath* v. *City of Albany* it was held that a municipal corporation may be bound upon an implied contract, within its corporate powers, made by its agents and to be deduced from corporate acts without the vote of the governing body, unless the contract be one which the charter or law governing the corporation requires shall be made in a particular manner. In the *Village of Fort Edward* case this court held that where the statute forbade the disposition of bonds at less than their par value, commissioners of the village had no authority to sell them at less than the amount of the bonds, with accrued interest.

This review of the authorities in this court, upon which the appellant relies for a reversal of the action of the court below, discloses that none of the cases referred to upholds the principle contended for when the actual determination is considered, whatever of obiter may be found therein. They do, however, sustain the proposition that, where a statute or ordinance requires the performance by public officers of a certain specified act, or that it shall be performed in a certain specified manner, they must at least substantially comply with these requirements to render their acts valid. But such a statute or ordinance is not required to be literally performed in unessential particulars, where there has been a substantial compliance which answers the purpose or intent of the statutory requirements. If the statute is substantially complied with and its actual purpose secured, especially where it has

1903.] People ex rel. J. B. Lyon Co. *v.* McDonough. 191

N. Y. Rep.]      Opinion of the Court, per Martin, J.

been acted upon and a proper contract in pursuance of it has been entered into, such as the statute requires, an unimportant variance in the proposed bid does not render the contract invalid. In this case a contract was made in strict accordance with the statute, and the only defect claimed is that the proposal of the lowest bidder, to whom the contract was awarded, did not have a guaranty in the precise language of the statute indorsed thereon, although it was in the form required by the printing board. The guaranty was to the effect that, if the bidder's proposal was accepted, it would enter into a contract in compliance with it and give the necessary security. After the bid was accepted, that was all the company was required to do, and obviously all that the statute intended that the successful bidder should do. We do not agree with the appellant's contention that its purpose was to require security for the performance of the contract before it was awarded, or it was known that it would be awarded, to the party with whom the contract was made. The more reasonable and fair construction of this statute seems to be that the purpose of the guaranty was to secure and provide that the bidder, if successful, should enter into a contract and give the necessary security for its fulfillment, thus preventing the making of "straw bids," which, if accepted, would not be carried into effect. We think its purpose was not that the performance of the final contract should be guaranteed before it was made, but that the contract or agreement involved in the proposals should be performed by entering into the final contract and giving the necessary security. Nor do we think it was the intent of the statute that there should be a double guaranty of the performance of the final agreement. When the second guaranty was given, it would doubtless supersede the first and such was the intent and purpose of the statute. Although it may be that the printing board might possibly have refused to award the bid to The Argus Company upon the ground that its proposal was not according to the literal wording of the statute, and might have readvertised the letting under its general provisions giving the board that right, yet, we do not think it

would have been justified, without such reletting, in refusing to enter into a contract with The Argus Company, or in awarding the printing to the relator, who was not the lowest bidder, simply because the guaranty indorsed upon the bid of The Argus Company was unlike that of the relator, especially as the guaranty actually executed was furnished by the board and was in substantial compliance with the statute.

We are of the opinion that the learned Appellate Division properly confirmed the determination of the state printing board, and that its judgment or order should be affirmed, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, VANN, CULLEN and WERNER, JJ., concur.

Order affirmed.