GEORGE E. GIBSON COMPANY, Appellant, *v.* THE CITY OF NEW YORK and Another, Respondents.

First Department, July 1, 1932.

*Henry A. Blumenthal,* for the appellant.

*Milton I. Hauser, Assistant Corporation Counsel,* of counsel [*Mathew J. Troy, Joseph L. Pascal* and *J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the respondents.

TOWNLEY, J. Plaintiff and the Daniel J. Rice Company were bidders for a contract to furnish heating, steam service, ventilating work and refrigeration for the Harlem Hospital. They each bid the same amount. The instruction governing bidders pursuant to which the bids were submitted provided that " each bidder shall submit, when required, evidence that will prove to the satisfaction of the head of the department that he is prepared to furnish the necessary materials and possesses the necessary plant to complete all the work in the manner and time herein specified." After the submission of the bids an investigation was conducted by the assistant chief engineer of the department of hospitals and by the firm of architects in charge of the work. As a result of such investi-

gation reports and recommendations were made to the commissioner of hospitals by the assistant chief engineer and by the architects that the plaintiff did not have the plant required to complete the work in accordance with the specifications. Its bid was rejected and the contract awarded to the Daniel J. Rice Company. The plaintiff brought this action and applied for a temporary injunction restraining the defendant from proceeding with the contract with the Daniel J. Rice Company.

The report of the architects and assistant chief engineer clearly showed that the plaintiff did not have the necessary plant and equipment to comply with the contract and was depending almost entirely upon purchases from others to secure the necessary material when required. The plant of the Daniel J. Rice Company, however, was shown to be a modern, up to date, fully equipped plant and capable of meeting all the requirements of the contract. In concluding his report, the assistant chief engineer said:

" In view of the intricate nature of the work of tying in the new power plant while the old one is kept in operation, it is very important in order to prevent discontinuance of service, that the contractor depend on his own plant for quick service in the preparation of materials rather than on that of others; therefore, it is respectfully recommended that the award of the contract be made to D. J. Rice.

" (Signed) F. G. LEMKE."

The record clearly shows that the defendants in rejecting plaintiff's bid acted in entire good faith and for reasons which amply justified the position taken by them. It was of the utmost importance that discontinuance of the main service should be prevented during the conduct of the work. All the terms of the bidding were observed and the contract was properly awarded.

The application for a temporary injunction in this action was denied on November 19, 1931. This appeal was noticed for argument June 17, 1932, nearly seven months after the order was entered and six months after issue had been joined in the action. This inexcusable delay in the prosecution of the appeal would alone justify an affirmance of the order.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

FINCH, P. J., MERRELL and McAVOY, JJ., concur; MARTIN, J., dissents and votes to reverse and grant the motion.

MARTIN, J. (dissenting). The commissioner of hospitals of the city of New York on or about July 13, 1931, advertised for bids covering heating, steam service, ventilation, refrigeration, incinera-

tion, boiler plant and generating plant under contract No. 3 at the Harlem Hospital of the city of New York. The plaintiff and the Daniel J. Rice Company each submitted bids for a like sum, *i. e.*, $329,000. These were the lowest bids received for the work. In view of the fact that they were for the same amount, there was in reality no " lowest bidder."

The commissioner of hospitals awarded the contract to the Daniel J. Rice Company as·against the plaintiff, and did so upon the theory that the Daniel J. Rice Company was better qualified to execute the contract than the plaintiff.

This action was instituted to restrain the defendants from proceeding under the contract awarded to Daniel J. Rice Company and to cancel and set aside the same.

Section 419 of the Greater New York Charter (as amd. by Laws of 1922, chap. 661) provides in part as follows: " * * * if a borough president or the head of a department shall not deem it for the interest of the city to reject all bids, he shall, without the consent or approval of any other department or officer of the city government, award the contract to the lowest bidder, * * *."

The city of New York contends that the commissioner of hospitals made his election in awarding the contract to the Daniel J. Rice Company pursuant to the provisions of paragraph 11 of the instructions governing bidding, which is as follows: " Each bidder shall submit, when required, evidence that will prove to the satisfaction of the head of the Department that he is prepared to furnish the necessary materials and possesses the necessary plant to complete all the work in the manner and time herein specified.

" Before the award of Contracts Nos. 2 and 3 the bidder will be required to show that he has the necessary plant, ability, experience, facilities and resources to perform the work in a satisfactory manner and within the time stipulated, and has installed at least two plants of similar nature and equipped with apparatus equal in capacity and of the type herein specified and that the installation in these has been in successful operation for a period of not less than five years."

The commissioner of hospitals states that in accordance with the above provisions he caused an investigation of the experience and facilities of the two low bidders, and the assistant chief engineer and the architect after conducting an investigation of the plants of the two lowest bidders recommended that the contract be awarded to the Daniel J. Rice Company.

The plaintiff contends that both low bidders being equally responsible and capable of performing the contract in a proper manner, the commissioner of hospitals had no authority to exercise

discretion in favor of one bidder as against the other, and all bids should have been rejected and the contract readvertised and new bids solicited.

The record shows that both low bidders were apparently equally able to perform the work called for by the contract.

Under the provisions of the Greater New York Charter, section 419, the commissioner of hospitals was obliged to either award the contract to the lowest bidder or to reject all the bids and readvertise the contract. He had no power to prefer one bidder over the other, where both bids were for the same amount. The courts have so often written upon the subject holding that under the provisions of the Greater New York Charter a contract must be let to the lowest bidder, with a few exceptions, it seems unnecessary to repeat the many reasons that have been given therefor. The charter provisions are emphatic in directing that the contract may be awarded to the lowest bidder only, and that the head of a department or a commissioner has no right to award a contract to other than the lowest bidder. (*Walsh* v. *Mayor, etc., of N. Y.,* 113 N. Y. 142; *People ex rel. Shay* v. *McCormack,* 167 App. Div. 854.) If the course here followed is permitted it will result in the same abuses which the present charter provisions were designed to remedy.

The order should be reversed, with ten dollars costs and disbursements, and the motion for a temporary injunction restraining defendants from proceeding upon the award of contract No. 3 should be granted.

Order affirmed, with ten dollars costs and disbursements.