In the Matter of the Application of BUILDING CHEMICALS COR-
PORATION, Petitioner, against WILLIAM J. TIFFANY, as Com-
missioner of the Department of Mental Hygiene of the State of
New York, and FREDERICK STUART GREENE, as Superintendent
of Public Works of the State of New York, Respondents.

Supreme Court, Special Term, Albany County, May 2, 1938.

*Samuel B. DuBoff*, for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Isaac I. Marks* of counsel],
for the respondents.

SCHENCK, J. This is an application by the petitioner for a
peremptory order requiring the respondents to award to the
petitioner the contract under what is known as " Specification No.
9669 " for the waterproofing of buildings at the Pilgrim State
Hospital in Brentwood. The lowest bid was made by G. R.
McNulty Co., Inc. One of the requirements, however, of the
bidding was that each bid be accompanied by a deposit of " at
least five per centum of the amount of the bid." The McNulty
Company bid was accompanied by a check for $1,671.72, which
was five and one-fourth cents less than five per centum of its bid
of $33,435.45. The certified check was in the sum of $1,671.72,
whereas it should have been in the sum of $1,671.77. This petitioner
was the second lowest bidder and now claims that it should be
awarded the contract on the theory that the McNulty Company's
allegedly improper bid should be thrown out.

The petitioner's contention is without merit. The sum of five
cents is so insignificant, in view of the inequitable result that would
arise from a strictly technical application of the requirement herein,

that the McNulty Company's bid should be deemed sufficient and proper. The award of the contract to that company by the respondents should not, therefore, be interfered with. The bid of petitioner exceeds that of the McNulty Company by the sum of $1,028.55. Equity will not concern itself with trifles or technical objections, and the trivial error of five cents should not prevent the award of this contract to the McNulty Company. The deposit was not a guaranty for the performance of the contract, but merely an assurance that the bidder would enter into the contract and furnish a proper bond for its performance. There has been a substantial compliance with the statutory requirements. (*People ex rel. Lyon Co.* v. *McDonough*, 173 N. Y. 181.) No one will suffer injury by awarding the contract to the McNulty Company and the State will save over $1,000.

The petitioner has set forth an able argument relative to the advisability of demanding a strict adherence to technical requirements. In this case, however, such manifest inequity would result that a more liberal rule must be followed. The ruling, however, should be limited to the facts of this case.

Motion denied. Enter order accordingly. No costs.