The Dutchess County Mutual Insurance Company, Appellant, *v.* Frederick S. Van Wagonen et al., Respondents.

The provision of the act in relation to assignments for the benefit of creditors (§ 2, chap. 466, Laws of 1877, as amended by chap. 294, Laws of 1888), which requires the assignor to state in the assignment "the residence and the kind of business carried on by such debtor at the time of making the assignment and the place at which such business shall then be conducted, and, if such place be in a city, the street and number thereof, and if in a village or town such apt designation as shall reasonably identify such debtor," is directory merely, not mandatory ; the object of such provision being to identify the assignor and prevent his being confounded with others bearing the same name.

Where, therefore, in an action to set aside an assignment which stated the residence of the assignor and assignee to be the town of M., giving the county and state, but containing no statement of the kind or place of business of the assignor, it appeared that the assignor had resided for forty years and kept a country store at S., a hamlet, not incorporated as a village, in said town, and was known to almost every person of mature age there, and there was no other person of the same name residing in the town, *held*, that the omission did not render the assignment void, the description being sufficient to identify the assignor.

(Submitted March 24, 1892; decided April 19, 1892.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made the second Monday of September, 1890, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Circuit without a jury.

This action was brought to set aside as fraudulent and void an assignment for the benefit of creditors, executed by Frederick S. Van Wagonen to one Jacob D. Van Wagonen, and for an accounting and the appointing of a receiver.

The facts, so far as material, are stated in the opinion.

*Robert F. Wilkinson* for appellant. The provisions of the statute of 1888 are mandatory, and the assignment, not complying with them, is void. (*Fairchild* v. *Gwynne*, 16 Abb. Pr. 23; *Hardman* v. *Bowen*, 39 N. Y. 196; *Britton* v. *Lorenz*, 45 id. 51; *Rennie* v. *Bean*, 24 Hun, 123; *Schwartz*

v. *Soutter*, 41 id. 323; *Bloomingdale* v. *Seligman*, 22 Abb.
[N. C.] 98; 19 N. Y. S. R. 64; *Irving* v. *Campbell*, 121
N. Y. 353, 359, 360, 361; Cooley on Const. Lim. 88, 92,
93; *Taggart* v. *Herrick*, 55 Hun, 569; *Taggart* v. *Sisson*,
29 N. Y. S. R. 424; *Mullen* v. *Sisson*, 31 id. 210; *Strick-
land* v. *Larraway*, 29 id. 873–877; *Boak* v. *Blair*, 32 id.
911; *Richardson* v. *Herron*, 39 Hun, 537; *Johnson* v. *Kelly*,
43 id. 379.)

*A. T. Clearwater* for respondents. The assignment is
valid. (Laws of 1888, chap. 294; *Bloomingdale* v. *Selig-
man*, 19 N. Y. S. R. 64; *Taggart* v. *Herrick*, 55 Hun, 570;
*Boak* v. *Blair*, 32 N. Y. S. R. 911.) The amendment is direc-
tory and not mandatory. (Laws of 1888, chap. 294; 4 R. S.
[8th ed.] 2536; *Hooper* v. *Baillie*, 118 N. Y. 413; *Klump* v.
*Gardner*, 114 id. 153; *Adee* v. *Cornell*, 93 id. 572; *Klumpf*
v. *Gardin*, 15 N. Y. S. R. 100; *Warner* v. *Jaffray*, 96 N. Y.
248; *Nicoll* v. *Spowers*, 105 id. 1; *Richardson* v. *Thur-
ber*, 104 id. 606; *Franey* v. *Smith*, 125 id. 44; *Camp* v.
*Buxton*, 34 Hun, 511; *Pratt* v. *Stevens*, 94 N. Y. 387;
*Thrasher* v. *Bentley*, 59 id. 650.) The instrument in question
should be made available rather than be suffered to fail. (2
R. S. 740, § 2; *Crossing* v. *Scudamore*, 1 Vertr. 141;
*Franey* v. *Smith*, 125 N. Y. 44; *Scott* v. *Mills*, 115 id.
376; 1 Kent's Comm. 463; *White* v. *Wager*, 32 Barb. 250;
*Donaldson* v. *Wood*, 22 Wend. 395.) An assignment should
be upheld if the language permit, rather than be defeated, and
fraud is not presumed unless fairly inferable. (*Bingham* v.
*Tilinghast*, 15 Barb. 618; *Townsend* v. *Stearns*, 32 N. Y.
209, 213; *Benedict* v. *Huntington*, 32 id. 219, 224; *Bogart*
v. *Haight*, 9 Paige, 297; *Mann* v. *Whitbeck*, 17 Barb. 388;
*Sherman* v. *Elder*, 24 N. Y. 381; *Kellogg* v. *Slauson*, 11
id. 302; *Platt* v. *Lott*, 17 id. 478; *Bank of Silver Creek*
v. *Talcott*, 22 Barb. 550; *Brainerd* v. *Dunning*, 30 N. Y.
211; *Read* v. *Worthington*, 9 Bosw. 617, 630; *Grove* v.
*Wakeman*, 11 Wend. 187; *Coyne* v. *Weaver*, 84 id. 386;
Bishop on Insol. Debtors, 183, 184.) A statute made in the

affirmative, without any negative words expressed or implied, does not take away the common or existing statute law. (*People* v. *Allen*, 6 Wend. 487, 488; *People* v. *Peck*, 11 id. 604; *Gale* v. *Mead*, 2 Den. 160; *Witherell* v. *Mosher*, 9 Hun, 412; *People ex rel.* v. *Seaton*, 25 id. 305; *Douglass* v. *Haberstraw*, 88 N. Y. 618; *People* v. *Fitzgerald*, 37 id. 413; *Kennedy* v. *People*, 39 id. 245; *Cox* v. *People*, 80 id. 500; *People* v. *Conroy*, 97 id. 92; *People* v. *Willett*, 102 id. 251; *People* v. *Giblin*, 115 id. 196; *Delafield* v. *Brady*, 108 id. 524; Laws of 1877, chap. 466; Laws of 1878, chap. 318, § 1.)   The spirit of the common law for centuries has been hostile to the narrow technical and strict construction contended for by the plaintiff.   (3 Black. Comm. 407; Steph. Pl. 97; 2 R. S. 424, § 7; Code Pro. §§ 174–176; Code Civ. Pro. §§ 721–724.)

Haight, J.   On the fifth day of October, 1888, the defendant Frederick S. Van Wagonen executed and delivered to the defendant Jacob D. Van Wagonen, a general assignment for the benefit of creditors.   The assignment states the residence of the assignor and assignee to be the town of Marbletown, in the county of Ulster, state of New York, but contains no statement of the kind or place of business of the assignor, and for this reason, it is claimed to be void.

Section 2, chapter 466 of the Laws of 1877, as amended by chapter 294 of the Laws of 1888, provides as follows:

" Every conveyance or assignment made by a debtor, of his estate, real or personal, or both, to an assignee for the creditors of such debtor, shall be in writing, *and shall specifically state therein the residence and the kind of business carried on by such debtor, at the time of making the assignment, and the place at which such business shall then be conducted; and if such place be in a city, the street and number thereof; and if in a village or town, such apt designation as shall reasonably identify such debtor   *   *   *.*"

It is claimed on behalf of the appellant that the provisions of this statute are mandatory, whilst on the part of the respondents, it is claimed to be directory merely.   Upon this question,

the courts below have differed in their conclusions.    The case of *Bloomingdale* v. *Seligman* (19 N. Y. S. R. 64; *S. C.,* 22 Abb. [N. C.] 98), sustains the contention of the appellant, whilst *Taggart* v. *Herrick* (55 Hun, 569); *Taggart* v. *Sisson* (29 N. Y. S. R. 424); *Mullin* v. *Sisson* (31 id. 210); *Strickland* v. *Laraway* (29 id. 873); *Boak* v. *Blair* (32 id. 911), sustain the claim of the respondents.

The evidence taken upon the trial discloses the facts that the assignor resided at a place called Stoneridge, in the town of Marbletown; that it was a small hamlet consisting of a collection of houses on each side of the public highway, and was not incorporated as a village; that he had been a resident of the town for a period of about forty years, was a keeper of a country store at that place, was personally known to nearly every person of mature age residing within the limits of the town, and there was no other person residing in the town of the same name.    It is, therefore, apparent that the place and kind of business carried on was well known and understood, and that no harm could result to his creditors from the omission to make such statement in the assignment.    It should consequently not be annulled, unless it is required by the express provisions of the statute.

The rule that an affirmative statute, without any negative expressed or implied, is directory merely, and leaves the common law in force, may not be controlling upon the question under consideration, for it has more especial reference to statutes giving a new remedy.    (2 Just, 200; *Stafford* v. *Ingersol,* 3 Hill, 41; *Clark* v. *Brown,* 18 Wend. 220; *Almy* v. *Harris,* 5 Johns. 175; *Wood* v. *Chapin,* 13 N. Y. 521–526; *Hall* v. *Tuttle,* 6 Hill, 42; Dwarris on Stat. 638; *Hardmann* v. *Bowen,* 39 N. Y. 196.)

But in construing the provisions of the statute, the legislative intent must be our guide.    The object of the provision evidently was to identify the assignor and prevent his being confounded with others bearing the same name.    For this reason he is required to state the kind of business carried on by him; and if in a city, to give his street and number.    The

statute, however, does not state what the consequences shall be if the assignment fails to so state the business of the assignor. There are no express words of negation, and we see no reason why such words should be implied. The identification of the assignor may be determined by his signature to the assignment and the acknowledgment thereof before an officer specified in the statute. The statement omitted from the assignment would only furnish other means of identification. We, therefore, incline to the opinion that the statute should be construed as directory merely, and not mandatory.

The principle upon which this conclusion rests has been repeatedly recognized by the courts. It has accordingly been held that the title vests in the assignee, upon the delivery of the assignment, even before recording, although the assignment is, by the provisions of the statute, required to be recorded; that the provisions of the statute requiring the assent of the assignee to be subscribed and acknowledged by him, etc., are complied with by a signing and acknowledgment of the instrument without express words of consent; that the statute providing that the wages due employes shall be preferred, does not invalidate the assignment, even though it contains no provision for such employes. (*Warner* v. *Jaffrey*, 96 N. Y. 248; *Nicoll* v. *Spowers*, 105 id. 1; *Scott* v. *Mills*, 115 id. 376; *Richardson* v. *Thurber*, 104 id. 606; *Franey* v. *Smith*, 125 id. 44.)

The judgment should be affirmed, with costs.

All concur, except Landon, J., not sitting.

Judgment affirmed.