LEMON THOMSON and JOHN A. DIX, Appellants, *v.* HIRAM HARRIS, Respondent.

*Statutory provisions relating to procedure, when directory, when mandatory — failure to prefix to a school tax list the purposes of the tax — it does not render a warrant void.*

Statutory provisions, in regard to the time and the mode of procedure by public functionaries, are generally directory and are not of the essence of the thing to be done. They are made simply with a view of securing system, uniformity and dispatch in the conduct of public business.

One of the tests to determine whether a statutory provision relating to the performance by an officer of a public duty is mandatory, is whether the statute contains negative words which render the act illegal or improper if the provision is disregarded.

The provision contained in section 65 of title 7 of the General School Act of 1864 (Chap. 555), that the trustees of a school district " shall also prefix to their tax list a heading showing for what purpose the different items of the tax is levied," is directory in its nature and not mandatory.

A warrant for the collection of school taxes, issued upon a tax levy in a case where the tax list is not prefixed by a heading showing the purposes for which the different items of the tax are levied, is not void upon its face, and such a warrant is a protection to the collector of a school district who executes it.

*Quære,* whether it would protect the officer who issued the warrant.

APPEAL by the plaintiffs, Lemon Thomson and another, from a judgment of the County Court of Saratoga county in favor of the

defendant, entered in the office of the clerk of said county on the 13th day of November, 1893, after a trial at a Special Term of said court at which the complaint was dismissed.

*William S. Ostrander*, for the appellants.

*Joseph D. Baucus*, for the respondent.

MAYHAM, P. J.:

This appeal was tried in the County Court as a new trial. On the trial before the justice from which the appeal is taken the parties stipulated the facts and the justice rendered judgment in favor of the defendant, dismissing plaintiffs' complaint.

On the trial in the County Court the parties stipulated upon the same facts submitted to the justice and passed upon by him, and the county judge made a decision in favor of the defendant, dismissing plaintiffs' complaint, with costs. From a judgment entered upon that decision this appeal is taken.

This action was brought by the plaintiffs to recover damages against the defendant for wrongfully entering upon plaintiffs' premises and taking, selling and disposing of a quantity of shingles.. The answer was:

*First.* A general denial.

*Second.* A justification as a school district collector, acting under a warrant issued by the trustees of a school district, and delivered to the defendant, as collector, under which he seized and sold the shingles in question to satisfy a tax levied and assessed by the trustee of the school district against the plaintiffs, who were residents of the district.

The warrant and tax list upon which the defendant sought to justify was put in evidence, from which it appears that a warrant, regular and proper in form and duly signed by the trustee, was placed in the hands of the defendant, as collector, and that attached thereto was the assessment and tax levy of the various inhabitants of the district, among which was the assessment and tax levied and assessed against the plaintiffs.

There was not prefixed to the tax list a heading showing for what purpose different items of the tax were levied, and the only ground upon which the plaintiffs sought to recover, and upon which this

appeal is prosecuted, is that the warrant under which the shingles were sold was void, because of the omission from the tax list of the statement of the purpose for which the tax was levied.

This contention is based upon section 65 of title 7 of the General School Act of 1864 (Chap. 555). That section reads as follows:

"Within thirty days after a tax shall have been voted by a district meeting the trustees shall assess it and make out the tax list therefor and annex thereto their warrant for its collection. But they may at the same time assess two or more taxes so voted and any tax or taxes they are authorized to raise without such vote, and make out one tax list and one warrant for the collection of the whole. They shall also prefix to their tax list a heading showing for what purpose the different items of the tax is levied."

The tax levy upon which this warrant is issued does not appear to have been made out for the collection of a tax voted by the district, but was for the collection of such tax as by law the trustee was authorized to levy without any vote of the district.

It is urged by the learned counsel for the respondent that the provisions of section 65, above quoted, do not require the trustee to prefix to a tax list for the collection of a tax not voted by the district any statement showing for what purpose the tax is levied. And this contention is based upon the fact that the law fixes the tax which may be levied by the trustee without a vote, and that there is no reason for prefixing to such a tax a statement of the items for which it is levied. There is some force in this argument, but we do not think the section quoted justifies such a construction, as the provisions seem to be general and to relate to any tax list levied by the trustee and annexed to the warrant.

It is quite clear, as is contended by the learned counsel for the appellants, that in any proceeding, either by the government or individual, under any statute, in derogation of the common law, whereby the property of any citizen is taken against his will, such statutory proceeding should be strictly pursued. This proposition is so thoroughly established by authority that it seems unnecessary to cite cases.

But it is insisted by the counsel for the respondent that the provision of the statute relating to the list of purposes for which the tax is levied, and which was omitted from this warrant, is directory

only and not mandatory, and that the validity of the warrant for the collection of this tax in no way depended on the prefixing of such list.

If this contention be sound, then the warrant, which was the authority under which the defendant acted, was not void upon its face and would furnish adequate protection to the officer who executed it. If, on the contrary, this provision of section 65 was mandatory and constituted a condition upon which only a valid warrant could be issued, then such warrant without the list would be defective upon its face and void, and the officer executing it would be without protection.

It will be observed that there are no negative words in this last clause showing that the warrant would be irregular or defective if the provision of such clause were not complied with. The general rule is that "statutory prescriptions in regard to the time, form and mode of proceeding by public functionaries are generally directory, as they are not of the essence of the thing to be done, but are given simply with a view to secure system, uniformity and dispatch in the conduct of public business." (23 Am. & Eng. Ency. of Law, 458.)

And one of the tests for the purpose of determining whether a provision of the statute in reference to the performance by an officer of a public duty is mandatory, is whether the statute contains negative words which render his acts illegal or improper if the provision is not complied with.

In the case at bar the object to be attained was the collection of the tax for school purposes. The method of attaining that object was by the levying of a tax on the taxable inhabitants of the district in proportion to their respective valuation, and the method by which that was to be enforced was through the warrant issued by the trustee to the collector.

All these objects were attainable without the prefixing of the purpose of the tax to the tax list, and there is nothing in the statute in terms which renders the levy, assessment and warrant void if a statement of the object for which the tax is levied is not prefixed to the assessment. If this view is correct the provision of the section which requires the prefixing of a statement of the object of the tax to the tax list was not mandatory, but directory only, and the war-

rant and tax list, therefore, were not defective upon their face, so as to render them void in the hands of the collector.

We are, therefore, inclined to hold, not without some hesitation, that the warrant and tax list were fair upon their face, and that they furnished protection to the officer who executed them. Whether they would be a protection to the officer who issued them we are not called upon to determine.

The judgment of the County Court should, therefore, be affirmed, with costs.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.