THE PEOPLE OF THE STATE OF NEW YORK ex rel. SLAUGHTER W. HUFF and Another, as Receivers of the Property of the New York & Queens County Railway Company, Which Is Subject to the Lien of the Mortgage Originally Made by Steinway Railway Company of Long Island City to the State Trust Company, as Trustee, Dated April 1, 1892, Appellants, v. MARK GRAVES and Others, Constituting the State Tax Commission, Respondents.

Third Department, January 14, 1937.

*Alfred T. Davison* [*Addison B. Scoville* of counsel], for the appellants.

*John J. Bennett, Jr.,* Attorney-General [*Henry Epstein,* Solicitor-General, *Timothy F. Cohan* and *Edward Grogan, Jr.,* Assistant Attorneys-General, of counsel], for the respondents.

RHODES, J. The appeal involves the question whether the provision of section 45-a of the Tax Law requiring fifteen days' notice by a taxpayer of any complaint as to any assessment of special franchises, is mandatory or directory.

In the year 1935 the defendants, constituting the State Tax Commission, made a tentative special franchise valuation against the properties operated by the relators in the sum of $294,800,

and gave the requisite notice to relators that a hearing would be had by said Commission on the 26th day of November, 1935, as to any complaint concerning such assessment. The notice was given pursuant to section 45-a of the Tax Law, which requires the Commission to fix a date for such hearing and to give written notice thereof at least thirty-five days before the date fixed for the hearing. The section further provides that " If any person  *  *  *  whose special franchise is assessed  *  *  *  proposes to complain at the hearing concerning the full valuation or rate of equalization as fixed in such statement, such person  *  *  *  shall cause a written complaint specifying its objections, to be served on the Tax Commission at least fifteen days before the day fixed for the hearing."

The relators prepared such written complaint wherein overvaluation was claimed in the amount of $94,800, but by inadvertence it was not mailed to the Commission until November 12, 1935, which was fourteen days before the date of the hearing instead of the fifteen days specified by the statute, and the said complaint was received by the Commission thirteen days before the date of the hearing.

The Commission notified the relators that their protest had been received but that it was not filed fifteen days prior to the date of the hearing, and stated: " If you desire, we will return the protest. The retaining of the protest in this office is not to be construed as an acceptance of service or an admission that it was filed in accordance with the Tax Law."

The petitioners attended at the time and place fixed for the hearing and complained of the assessment, but it appears that neither the petitioners nor any agent or representative were then or at any time thereafter required to appear before the Commission to be examined concerning such complaint. Thereafter the Commission finally fixed and determined its assessment of said special franchise at said sum of $294,800, the amount of its original tentative assessment, whereupon relators applied for and obtained an order for a writ of certiorari herein, which was later quashed and dismissed by the order now appealed from. The motion to quash the writ was based upon the ground that the relators failed to serve on the Commission written complaint at least fifteen days before grievance day as required by the provisions of said section 45-a of the Tax Law.

In *Wuesthoff* v. *Germania Life Ins. Co.* (107 N. Y. 580) the court said: " The distinction which in the construction of statutes is sometimes made between directory and mandatory provisions proceeds upon the supposed intention of the Legislature, and a

discrimination between the essential and the immaterial or non-essential provisions of the statute, or where the statute relates to the powers and duties of officers, between those parts which are intended as a mere direction to the officer in the execution of his duties and those which relate to and concern his substantial authority. The exercise by courts of a power to disregard a particular provision of a statute on the ground that it is directory merely, is a delicate one and should be applied with great caution. The intention of the Legislature is the cardinal consideration in the construction of statutes, and whether a particular provision is mandatory or directory is to be determined from the language used and the purpose in view."

A clear statement of the rule is contained in *People* v. *Schermerhorn* (19 Barb. 540), where it is stated that " Statutory requisitions are deemed directory only when they relate to some immaterial matter, where a compliance is a matter of convenience rather than of substance. In general, when a power to affect property is conferred upon those who have no personal interest in it, such power can be exercised only in the manner and under the circumstances specified in the instrument creating it."

In *Lancaster S. B. I. Co.* v. *City of New York* (214 N. Y. 1) appears the following statement of the rule: " The power to assess property for the purpose of taxation and to levy taxes is strictly statutory. A substantial compliance with those statutory provisions, defining and regulating the exercise of it, which are of the substance of the procedure and are designed for the protection of the taxpayer and the preservation of his rights, is a condition precedent to the validity of the tax. Those provisions are mandatory. Other provisions, however, are intended to instruct and guide the assessing officers and secure regularity and uniformity of procedure, and are directory and not mandatory unless accompanied by negative or restrictive words importing that the acts prescribed shall not be done in any other manner or time than that designated. The failure to comply strictly with a directory provision does not render the assessment or tax invalid."

The foregoing quotations from the cases have been inserted herein perhaps at too great length, but they indicate the rule by which the meaning of the statute in question is to be interpreted.

For other cases discussing the subject, see *Rose* v. *Elliott* (218 App. Div. 287); *Matter of Cathedral of the Incarnation* (91 id. 543); *D. C. M. Ins. Co.* v. *Van Wagonen* (132 N. Y. 398); *People* v. *Karr* (240 id. 348); *Taggart* v. *Herrick* (55 Hun, 569); *Fallon* v. *Hattemer* (229 App. Div. 397); *People ex rel. Lyon Co.* v. *McDonough* (173 N. Y. 181); *Matter of Bass* v. *Board of Trustees* (226 App. Div. 165); *Matter of Douglass* (46 N. Y. 42); *Hardmann* v. *Bowen* (39 id. 196).

A case of persuasive force here is *People ex rel. Locke* v. *Common Council of City of Rochester* (5 Lans. 11), where it was said that " The provisions of the charter prescribing the length of notice that is to be given by the assessors of the day on which they will hear parties affected by assessments for local improvements, and by the treasurer, of the receipt of the assessment roll by him, and requiring those assessed to pay, are directory merely, and the failure to comply with the statute does not invalidate the proceedings."

If those requirements as to length of notice are directory as to assessors who are public officers whose acts would create a burden upon property assessed, with much more reason it may be argued that the giving of the notice of complaint by the relators herein within the time specified is directory only, as the failure to serve the complaint as to the assessment within the prescribed time could injure no one; no claim is made by the defendants that the failure to serve the complaint in time worked any hardship or inconvenience upon the Commission or any one else.

Notice and a hearing were the absolute right of the taxpayer before there could be a valid tax laid. (*Trumbull* v. *Palmer*, 104 App. Div. 53, and cases therein cited.) The underlying purpose of this provision of the statute was to afford the taxpayer a reasonable opportunity to be heard. The provisions of the statute relative to grievance day and the making and hearing of complaints are procedural, designed to effectuate the fundamental right of the taxpayer to a hearing, and the length of notice to be given by the complaining taxpayer is a matter of convenience rather than of substance. Hence, in the light of authorities cited it seems clear that the provision in question is directory only and that the relators substantially complied with the statutory requirements.

The order should be reversed, with costs.

HILL, P. J., and McNAMEE, J., concur; CRAPSER and HEFFERNAN, JJ., dissent and vote to affirm.

Order reversed on the law and facts, with twenty-five dollars costs and disbursements.