THE PEOPLE OF THE STATE OF NEW YORK ex rel. SLAUGHTER W. HUFF et al., as Receivers of the Property of NEW YORK AND QUEENS COUNTY RAILWAY COMPANY, Respondents, against MARK GRAVES et al., Constituting the State Tax Commission, Appellants.

Argued January 4, 1938; decided March 8, 1938.

*John J. Bennett, Jr., Attorney-General (Edward J. Grogan, Jr., Henry Epstein* and *Timothy F. Cohan* of counsel), for appellants. The provisions of section 45-a of the Tax Law (Cons. Laws, ch. 60) with respect to the service of complaints upon the State Tax Commission are mandatory and not directory. (*People ex rel. Soeurbee, Inc.,* v. *Purdy,* 179 App. Div. 748; *People ex rel. Chambers* v. *Wells,* 110 App. Div. 336; *People ex rel. Horton* v. *Ferguson,* 120 App. Div. 563; *People ex rel. Mutual Union Tel. Co.* v. *Commissioners of Taxes,* 99 N. Y. 254; *People ex rel. Wessell, Nickel & G.* v. *Craig,* 236 N. Y. 100; *People ex rel. Erie R. R. Co.* v. *State Tax Comm.,* 128 Misc. Rep. 142; *People ex rel. N. Y. C. R. R. Co.* v. *Graves,* 159 Misc. Rep. 458.)

*Addison B. Scoville* and *Alfred T. Davison* for respondents. The complaint of the relators objecting to the valuation was served upon the State Tax Commission in due time. (*Matter of Cathedral of Incarnation*, 91 App. Div. 543; *Rose* v. *Elliott*, 218 App. Div. 287.) The facts that a substantial compliance with a statutory requirement will serve the purpose of the statute and that no one will be prejudiced by the failure strictly to comply with such statutory requirement are material factors in determining that the requirement is directory and not mandatory. (*People ex rel. Lyon Co.* v. *McDonough*, 173 N. Y. 181; *People* v. *Karr*, 240 N. Y. 348.)

CRANE, Ch. J. The relators instituted a certiorari proceeding for the purpose of reviewing the special franchise assessment of the New York & Queens County Railway Company in the borough of Queens for the year 1936. The relators are the receivers of the property of the New York & Queens County Railway Company, which is subject to the lien of the mortgage originally made by the Steinway Railway Company of Long Island City, and they maintain and operate a street surface railroad covered by such mortgage.

The State Tax Commission, on or about October 21, 1935, sent a notice to the relators of a tentative special franchise valuation and tentative rate of classification against the street railroad so operated in the borough of Queens, city of New York, which notice stated that the State Tax Commission would meet at its office in the city of Albany on the 26th day of November, 1935, to hear and determine any complaint concerning such valuation and rate of classification; and stating that, in case of objection, a written protest must be verified and filed at least fifteen days before the date of hearing, as provided in section 45-a of the Tax Law (Cons. Laws, ch. 60).

This provision of the Tax Law, so far as applicable, reads as follows:

"If any person, copartnership, association or corporation whose special franchise is assessed or if any city, town or village in which a special franchise is subject to assessment proposes to complain at the hearing concerning the full valuation or rate of equalization as fixed in such statement, such person, copartnership, corporation or association or such city, town or village shall cause a written complaint specifying its objections, to be served on the tax commission at least fifteen days before the day fixed for the hearing. Service may be either in person or by mail. Section twenty-seven of this chapter applies so far as practicable to a hearing by the tax commission under this section."

On November 12, 1935, fourteen days before said hearing, the relators mailed to the State Tax Commission their verified complaint against this assessment, which written complaint was received on November 13th, so that it was physically in possession of the State Tax Commission for thirteen days before the date fixed and specified according to statute. Thereafter the Commission finally fixed and determined the assessment of such special franchise at the sum of $294,800, the amount of its original tentative assessment, whereupon the relators applied for and obtained an order for a writ of certiorari, which was dismissed by the Special Term on the ground that the objections had not been served within the time required by the above section. The Appellate Division took another view and reversed this order of the Special Term, holding that the length of time referred to in section 45-a was merely directory, and, as no harm had been done through delay in presenting the complaint, the error or omission might be overlooked. In other words, the court held that, as the taxpayer was entitled to a hearing on his assessment, it might determine what was a reasonable opportunity within which to present his complaint. The court, in its opinion, summarized its views in these words:

" The provisions of the statute relative to grievance day and the making and hearing of complaints are procedural designed to effectuate the fundamental right of the taxpayer to a hearing, and the length of notice to be given by the complaining taxpayer is a matter of convenience rather than of substance. Hence, in the line of authorities cited it seems clear that the provision in question is directory only and that the relators substantially complied with the statutory requirements." (249 App. Div. 362, 365).

Our reading of the cases leads to a different conclusion than that just quoted. What may be considered at times by the court as " directory." for official acts may not be so considered when applied to individuals, even though section 45-a also applies to municipal corporations. Public policy often requires that minor omissions and failures by officials shall not make void all their proceedings; otherwise government in some special feature might come to a standstill or result in confusion. This liberality of construction is not necessary when the duty to act rests upon the individual, as his omission and failure will apply only to himself and not bring confusion or damage to a whole community. We find in most of the cases cited (*People* v. *Karr*, 240 N. Y. 348; *People ex rel. Lyon Co.* v. *McDonough*, 173 N. Y. 181; *Matter of Douglass*, 46 N. Y. 42; *Hardmann* v. *Bowen*, 39 N. Y. 196, and *Dutchess County Mut. Ins. Co.* v. *Van Wagonen*, 132 N. Y. 398) that the omissions were those of officials.

Thus, in *People* v. *Karr* (*supra*), this court said:

" And the line between mandatory and directory statutes cannot be drawn with precision. General principles there may be. Perhaps as well as anywhere they are stated in Maxwell on the Interpretation of Statutes at page 649. * * * Where the presc iptions of the statute relate to the performance of a public duty; and to invalidate acts done in neglect of them would work serious general inconvenience or injustice to persons who have no control over those intrusted with the

duty, without promoting the essential aims of the Legislature, such prescriptions seem to be generally understood as mere instructions for the guidance and government of those on whom the duty is imposed, or, in other words, as directory only. The neglect of them may be penal, indeed, but it does not affect the validity of the act done in disregard of them " (p. 351).

In the *Lyon* case we said of our authorities:

" They do, however, sustain the proposition that, where a statute or ordinance requires the performance *by public officers* of a certain specified act, or that it shall be performed in a certain specified manner, they must at least substantially . comply with these requirements to render their acts valid. But such a statute or ordinance is not required to be literally performed in unessential particulars, where there has been a substantial compliance which answers the purpose or intent of the statutory requirements. If the statute is substantially complied with and its actual purpose secured, especially where it has been acted upon and a proper contract in pursuance of it has been entered into, such as the statute requires, an unimportant variance in the proposed bid does not render the contract invalid " (p. 190).

In the *Dutchess County Mut. Ins. Co.* v. *Van Wagonen* case failure to state the place of business of an assignor for the benefit of creditors was held not to be fatal, although required by the statute; as the object of the law evidently was to identify the assignor and prevent his being confounded with others bearing the same name. The court said the identification of the assignor in this case could be determined by his signature to the assignment and the acknowledgment thereof before an officer specified in the statute. Consequently, the requirement of the statute was not mandatory, but directory, in this case, for the reason that the legislative intent was to be the guide in all such cases.

Perhaps it will be well to refer to other cases in order to ascertain to what extent the courts have gone in requir-

ing strict compliance with statutes. In *People ex rel. Lefever* v. *Board of Supervisors* (34 N. Y. 268, p. 272) it was said: " Statutes are held to be directory or declaratory, according to the existence or the want of certain indications of legislative intent." Here, again, the case applied to public officers, for the opinion stated: " The misconduct or mistake of a public officer, in a matter of mere form, should not prevent the attainment of right and justice " (p. 274).

And *Thomson* v. *Harris* (88 Hun, 478, p. 481): " The general rule is that ' statutory prescriptions in regard to the time, form and mode of proceeding by public function-aries are generally directory, as they are not of the essence of the thing to be done, but are given simply with a view to secure system, uniformity and dispatch in the conduct of public business.' "

In *Wuesthoff* v. *Germania Life Ins. Co.* (107 N. Y. 580, 589) the public officer feature was again emphasized, but the court gave this word of caution: " The exercise by courts of a power to disregard a particular provision of a statute on the ground that it is directory merely, is a delicate one and should be applied with great caution. The intention of the Legislature is the cardinal considera-tion in the construction of statutes, and whether a par-ticular provision is mandatory or directory is to be deter-mined from the language used and the purpose in view."

In 2 Sutherland on Statutory Construction ([2d ed.], pp. 1114 *et seq.*) we find it stated: " Where the provision is in affirmative words, * * *, and it relates to the time or manner of doing the acts which constitute the chief purpose of the law, or those incidental or subsidiary thereto, *by an official person*, the provision has been usually treated as directory."

From these authorities we find the rule to be that the intention of the Legislature, if it can be gathered from the contents of the act and the purposes in view, must be the guiding principle, and that where the omission or failure to perform a minor detail of a duty has been that of an

official, the intention has been found to be that such duty was directory, not mandatory. As stated before, the public policy, for the convenience and necessity of government, has much to do in the finding of this intention.

Section 45-a of the Tax Law places upon the person or corporation assessed a duty to complain within the time stated. The relators here were notified that they must file their complaint not less than fifteen days before the time fixed for hearing, which was the 26th day of November, 1935. They failed to comply with the act. They were not public officials; they were not obliged to complain; no duty rested upon them to pay any attention to the notice of the Tax Commission. It was a matter of discretion. However, if they chose to act they were obliged to do it within a certain time. We can find no distinction between such cases and other acts of the Legislature requiring notices of claims to be presented to city officials within a certain time, or notices of intention to sue, which must be served upon corporation counsels under various city charter provisions, or other statutes of limitations within which actions must be brought or special proceedings started. Here is a time limitation, and the only excuse offered for not complying with it is that no one has been harmed. What particular harm failure to give notice could do to anybody, except the objector, is difficult to see. Once permit the courts to determine the materiality of omissions, or failure to comply with such a statute, and the time element has no application at all, for the fifteen days gives way completely to the rule of reasonable time, with all its uncertainty.

For the reasons here stated the order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division, and the question certified answered in the affirmative.

LEHMAN, O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur; HUBBS, J., taking no part.

Ordered accordingly.