Russell, J.
The petitioner, Rochester Gas and Electric Company, has appealed from an order of the Special Term, Albany County, dismissing the petition by which it sought to review an order of the commission dated May 16, 1946, under article 78 of the Civil Practice Act.
On June 30, 1938, the commission instituted a proceeding to investigate the books and accounts of the appellant and to bring them into conformity with the uniform system of accounts which became effective on January 31, 1938.
The appellant requested the commission to take up first certain questions regarding its water rights and to institute a a separate proceeding with respect to such water rights. The commission refused to institute a separate proceeding but did take up for consideration first the disposition of the amounts appearing on the appellant’s books for water rights and intangibles. The issues with respect to water rights and intangibles were decided by the commission on October 21,1943.
*164 The appellant then instituted a proceeding under article 78 of the Civil Practice Act to review the commission’s determinations and order of October 21, 1943. The Appellate Division annulled the determination with a direction for a further proceeding before the commission. The decision was handed •down on June 25, 1946. The order was entered on July 8, 1946, and was served on the commission on July 13, 1946. In the meantime, the commission continued the proceeding with respect to the rest of the appellant’s accounts and finally after reviewing all of the accounts of the appellant’s, the commission made its order on May 16, 1946, which the appellant sought to review under article 78 of the Civil Practice Act. The order of May 16, 1946, directed a charge to surplus of amounts aggregating $2,828,915.82. The appellant is protesting $1,312,584.64 of this charge to surplus and is also protesting the transfer of certain items from appellant’s accounts to other accounts in the sum of $570,971.61, making a total of $1,883,556.25.
On June 13, 1946, the appellant filed an application for a rehearing. This application was approximately two weeks before the Appellate Division decided the water rights case on June 26,1946.
On July 23, 1946, the commission granted the. application for a rehearing. The commission gives as a reason, for not granting the application for a rehearing before it did, that it was necessary in view of the court’s decision to enter upon a study of the decision and determine what bearing and effect it had on the balance of the accounting proceeding to which the appellant’s application for a rehearing had been directed. The commission claimed that the court’s decision had ,a direct bearing upon certain matters which had been determined by it in the order of May 16, 1946. It will be noticed that the order granting the rehearing was only twenty-^seven days after the court had handed down its decision in the water rights case.
The application for a rehearing was granted forty days after the application was filed.
On October 30, 1946, the company commenced the proceeding to review the order of May 16, 1946.
The appellant’s contention is — First: That the commission’s failure to act within thirty days was “ tantamount to a denial ” of its application for a rehearing and Second — That the commission’s jurisdiction to grant a rehearing terminated -upon the expiration of the thirty-day period and that the order granting a rehearing adopted thereafter is null and void. It is, there *165 fore, the claim of the appellant that the proceeding to review the order of May 16, 1946, is proper under the authority of article 78 of the Civil Practice Act. The commission’s position is that the time limitation of thirty days is merely directory and not mandatory.
Section 22 of the Public Service Law reads in part as follows: “ § 22. jRehearing before commission. After an order has been made by the commission any corporation or person interested therein shall have the right to apply for a rehearing in respect to any matter determined therein, but any such application must be made within thirty days after the service of such order, unless the commission for good cause shown shall otherwise direct; and the commission shall grant and hold such a rehearing if in its judgment sufficient reason therefor be made to appear. The decision of the commission granting or refusing the application for a rehearing shall be made within thirty days after the making of such application. If a rehearing shall be granted, the same shall be determined by the commission within thirty days after the same shall be finally submitted.”
In the above section the following sentence embodies the main question that arises on this appeal, namely: “ The decision of the commission granting or refusing the application for a rehearing shall be made within thirty days after the making of such application.” This sentence when read alone would seem to be mandatory until a study of the authorities has been made which reveals the intention of the Legislature with respect to the duties of an official body or an official as being either directory or mandatory. As a general rule “ public policy, for the convenience and necessity of government,” has much to do in, the finding that the minor details of duties imposed upon a public body or public official are directory and not mandatory. (People ex rel. Huff v. Graves, 277 N. Y. 115, 122.) “ The rule with respect to statutory directions to individuals is the opposite of that which obtains with respect to public officers.” (3 Sutherland on Statutory Construction [3d ed.], p. 107.) It is a fundamental principle that the limitation of the time within which a public body is to act does not oust it of jurisdiction to act after the expiration of that time. In this principle the courts have generally concurred. The general rule being that where a public officer is required to perform an official act within a specified time it will be considered as directory only, “ unless the nature of the act to be performed, or the *166 language used by the legislature, show that the designation of the time was intended as a limitation of the power of the officer.” (People v. Allen, 6 Wend. 486, 487; Matter of Brenner v. Bruckman, 253 App. Div. 607.)
If the commission is dilatory in rendering its decision on the application for a rehearing, the party aggrieved may resort to a mandamus order to compel a decision. Where a body is vested with power to determine a question of fact, its duty becomes in the nature judicial and it can be compelled to determine the fact, but not directed to decide the particular way. (People ex rel. Francis v. Common Council of City of Troy, 78 N. Y. 33, 39.)
The appellant apparently is of the impression that if time limitation is held to be directory then mandamus will not lie to compel the commission to act, because it takes the position that an order of mandamus is issued only where there is a clear legal right to be enforced and where there is no adequate or legal remedy to obtain the relief sought.
The appellant overlooks the fact that it is not “ time ” which mandamus compels, but a decision to be made. The statute gives the right to either a corporation or person interested to file an application. This application must either be granted or refused by the commission. The right to file is absolute and the rendering of a decision is mandatory. Under the authorities cited above “ time ” is merely directory. Since the time limitation in granting a rehearing is merely directory, then the order of July 23, 1946, ordering a rehearing removes any question of finality as to the order of May 16, 1946.
The relief sought by the appellant pursuant to section 1285 of the Civil Practice Act is not available. Section 1285 reads in part as follows: ■
“ When relief not available. Except as otherwise expressly prescribed by statute, the procedure under this article shall not be available to review a determination in any of the following cases: * * *
“ 3. Where it does not finally determine the rights of the parties with respect to the matter to be reviewed. * * *
“ 5. Where the body or officer making the determination is expressly authorized by statute to rehear the matter upon the petitioner’s application; unless the determination to be reviewed was made upon a rehearing, or a rehearing has been denied, or the time within which the petitioner can procure a rehearing has elapsed.”
*167 The right to a rehearing has been granted, the rehearing is pending and no final determination has yet been made upon such rehearing.
The order of the Special Term should be affirmed, with costs.