OPINION OF THE COURT
Wachtler, J.
The Taylor Law provides that once a determination has been made that a public employee has engaged in an illegal strike the public employer shall deduct a statutory penalty from the employee’s pay “[n]ot earlier than thirty nor later than ninety days following the date of such determination” (Civil Service Law, § 210, subd 2, par [g]). On these appeals the question is whether a portion of the penalty, which through miscalculation or other unintended omission was not deducted within the 90-day pe *510 riod, may nevertheless be deducted at some later date. In each case the trial court held that the 90-day limitation barred the State from making the additional deductions. The Appellate Division affirmed with two Justices dissenting. An appeal has now been taken to this court by the State in its capacity as the public employer.
In the spring of 1979 a number of State employees, most of whom were employed by the Department of Correctional Services, engaged in a strike against the State. On July 2, 1979 the State Director of Employee Relations formally declared that an illegal strike had occurred from April 18 to May 4. On July 20 the director issued a notice to each employee who had participated in the strike. The notice specified the dates on which the employee was found to have participated in the strike and informed the employee that pursuant to statute a penalty would be imposed and collected by wage deductions for each day of participation in the illegal strike.
On September 5, 1979 the Department of Correctional Services began the wage deductions. The employees’ union then commenced an action in Federal court challenging the constitutionality of the deductions. On September 8 the Federal court issued a temporary restraining order prohibiting the State from deducting more than two days’ pay from an employee’s wages during any biweekly pay period. On January 10, 1980 the Federal court dismissed the action and vacated its temporary restraining order.
It was apparently assumed by all parties that the payroll deductions had been completed within the permissive scope of the temporary restraining order by the time the Federal court vacated its stay. However, a subsequent and apparently routine audit by the Department of Audit and Control revealed a number of discrepancies involving insufficient deductions as well as excessive ones. To correct these errors the State made refunds of excessive deductions and, in approximately 300 instances of insufficient deductions, resumed the wage deductions.
The union and several individual employees then brought these actions and proceedings claiming that the additional deductions were illegal because they were not *511 made within the 90 days prescribed in the statute (Civil Service Law, § 210, subd 2, par [g]). The State conceded that the 90-day period had expired but urged that the statute did not preclude the Comptroller from performing his constitutional and statutory duty of auditing the accounts and “correcting any errors discovered”. As noted the trial courts and the Appellate Division agreed with the employees holding that the cited section is a Statute of Limitations that bars the State from making the additional deductions.[1] Two Appellate Division Justices dissented on the ground that the 90-day period “is directory rather than a Statute of Limitations” (84 AD2d, p 453).
On this appeal the State urges, as it did below, that the provision that the government collect the penalty “[n]ot earlier than thirty nor later than ninety days following the date of such determination” (Civil Service Law, § 210, subd 2, par [g]), should not be “literally” applied and that the State should be permitted an additional but unspecified period to deduct the penalty, at least when a State Comptroller’s audit had disclosed errors in the original wage deduction. Initially the State argues that the statute was designed to protect the public by ensuring that public employees who engage in illegal strikes are penalized and therefore should not serve to provide any protection for employees who have been found to have violated the law. For similar reasons the State contends that the public employees lack standing to complain that the State has failed to observe the statutory time restrictions in collecting the fine. The State also notes that the State Comptroller has the constitutional and statutory duty of auditing State accounts (NY Const, art V, §§ 1, 4; State Finance Law, §§ 8, 111) and, by implication, the power to correct errors disclosed during an audit. It is contended that this implied power to correct errors takes precedence over the time restrictions found in the statute at issue in this case.
We have previously held that public employees may rely on this statute (Civil Service Law, § 210, subd 2, par [g]) to preclude the government from making penalty deductions *512 prior to the 30-day period specified in the law (Matter of Committee of Interns & Residents v New York City Health & Hosps. Corp., 55 NY2d 754). There is no reason why the employees should not also have standing to protest the State’s collection of the penalty beyond the 90-day limit also prescribed in the statute (cf. Matter of Dairylea Coop. v Walkley, 38 NY2d 6, 10) particularly if, as they contend, it serves as a Statute of Limitations. The fact that they may have violated the Taylor Law does not mean that they should be forever subject to legal sanctions even beyond the time limitations the Legislature has seen fit to impose with respect to the collection of the penalty. The very purpose of a Statute of Limitations is to relieve those who have violated the law or the rights of others from continued civil or even criminal liability when the Legislature has determined that the passage of a fixed period of time has made further pursuit of the claim or penalty either unfair or ineffectual (see, e.g., Flanagan v Mount Eden Gen. Hosp., 24 NY2d 427, 429, 430; United States v Marion, 404 US 307, 322, 323; Model Penal Code, § 1.07, Comment [Tent Draft No. 5]). The constitutional and statutory provisions defining the State Comptroller’s general powers do not expressly or by implication suspend the operation of all statutory time limitations whenever the Comptroller seeks to correct an error detected during an audit (NY Const, art V, §§ 1, 4; State Finance Law, §§ 8, 111). Indeed the statute at issue expressly imposes the time requirements on “the chief fiscal officer of the government involved” (Civil Service Law, § 210, subd 2, par [g]), which in the case of the State refers to the Comptroller (State Finance Law, § 8, subd 1).
The primary question then is whether the statutory requirement that the Comptroller collect the penalty “[n]ot earlier than thirty nor later than ninety days” after the determination, limits the time within which he should act or, as the State contends, is merely directory. The State’s argument is based on the rule of statutory construction that “ ‘prescriptions in regard to the time, form and mode of proceeding by public functionaries are generally directory, as they are not of the essence of the thing to be done, but are given simply with a view to secure system, unifor *513 mity and dispatch in the conduct of public business’” ('Thomson v Harris, 88 Hun 478, 481; see, also, People ex rel. Huff v Graves, 277 NY 115; Matter of Grossman v Rankin, 43 NY2d 493, 501; McKinney’s Cons Laws of NY, Book 1, Statutes, § 172). However, we have also indicated that “the line between mandatory and directory statutes cannot be drawn with precision” (People v Karr, 240 NY 348, 351; People ex rel. Huff v Graves, supra, p 119). The inquiry involves a consideration of the statutory scheme and objectives to determine whether the requirement for which dispensation is sought by the government may be said to be an “unessential particular” (People ex rel. Lyon Co. v McDonough, 173 NY 181, 190; People ex rel. Huff v Graves, supra) or, on the other hand, relates to the essence and substance of the act to be performed and thus cannot be viewed as merely directory (McKinney’s Cons Laws of NY, Book 1, Statutes, § 172; see, also, Gonkjur Assoc. v Abrams, 57 NY2d 853).
The current penalty provisions of the Taylor Law are expressly designed to provide “more effective deterrents against strikes” by public employees (McKinney’s Session Laws of New York, 1969, p 2365). The statute establishes “a new procedure for the expeditious determination of participation in a strike and the imposition of penalties — well defined in advance so that a public employee will be fully aware of the individual consequences of his action and the certainty that penalties will be fairly imposed without unreasonable delay” (ibid,., pp 2366-2367). The new procedure in essence curtails the discretionary powers of public employers with respect to the disciplining of government employees who engage in strikes and instead imposes a series of mandatory procedures which not only require the public officials to act, but also require that they act with dispatch.
Thus under the statute the chief executive officer of the government involved is required to determine whether an illegal strike has occurred and, if a violation is found, the names of the striking employees and the dates of their participation (Civil Service Law, § 210, subd 2, par [d]). He must then notify the employees of the determination “forthwith” (Civil Service Law, § 210, subd 2, par [e]; see, *514 also, Matter of De Lury v Beame, 49 NY2d 155, 160). Once this notice has been sent the chief fiscal officer of the government involved must deduct the statutory penalty from the employee’s wages within 30 to 90 days (Civil Service Law, § 210, subd 2, par [g]). That the Legislature considered the timing of the penalty to be of the utmost importance is underscored by the fact that the statute permits the imposition of the penalty without affording the employee a prior hearing (Matter of Sanford v Rockefeller, 35 NY2d 547, app dsmd 421 US 973). This departure from the general due process requirements has nevertheless been upheld because of the “overriding governmental and public interest in the deterrence of strikes by public employees as aided by the swiftly imposed penalty provisions” (Matter of Sanford v Rockefeller, supra, p 558).
In short, the time requirements imposed on public officials by the Taylor Law are not “unessential particulars”; they are an integral and central part of the statutory scheme which carries out the Legislature’s judgment that swift punishment is essential to deter further strikes by public employees. With respect to this statute then it is obvious that the Legislature considered time of the essence.[2]
Finally, the State urges that a literal reading of the statute would make it “impossible” to recover the penalty in cases where the strike runs for more than 60 days, “unless a series of determinations were made”. It also argues that the literal interpretation would make it impossible for taxpayers to exercise their statutory right to seek enforcement of the penalty in those cases where the responsible officials have intentionally neglected to act within the period prescribed (Civil Service Law, § 213, subd [e]).
*515 In this case, of course, the delay in collecting the penalty was due to error and was not the result of deliberate inaction on the part of the responsible officials. It appears that all of the striking employees were penalized in most cases to the full extent of the law and in the remainder, minor discrepancies in computation permitted all but a small portion of the penalty to be deducted. Indeed, neither of the problems posed by the State are presented by the facts of the cases now before us, and thus cannot be fully addressed at this time. As far as the issue now before us is concerned it is sufficient to note that the statute has not been literally interpreted or applied in cases where circumstances truly make it impossible to strictly comply with its terms (see, e.g., Matter of Wilson v Board of Educ., 39 AD2d 965, mod 32 NY2d 636; cf. Matter of De Lury v Beame, supra).
Accordingly, the orders of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Fuchsberg and Meyer concur.
In each case: Order affirmed.

. The lower courts also held that the affected employees could bring an article 78 proceeding or a suit in the Court of Claims and that class relief was appropriate. The State does not dispute those determinations on this appeal.

. In this case the lower courts felt that this conclusion was implicit in our decision in Matter of De Lury v Beame (49 NY2d 155) in which the State argued that the 90-day limitation was directory and, in any event, had been met in that case. As the State notes, our agreement with the State on the latter point made it technically unnecessary to consider its other argument. On the other hand, it would have been not only unnecessary but fruitless for" this court to establish guidelines concerning the running of the period, if the time requirements did not actually serve as a Statute of Limitations.