■ In the Matter of CAROLINE SWITAL et al., Respondents, et al., Petitioners, v BOARD OF EDUCATION OF BAY SHORE UNION FREE SCHOOL DISTRICT, Appellant. — In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the Bay Shore Union Free School District to deduct certain sums from petitioners' salaries as a penalty for their participation in an illegal strike in violation of section 210 of the Civil Service Law, the appeal is from so much of a judgment of the Supreme Court, Nassau County (Morrison, J.), dated September 23, 1982, as directed the board of education to pay to each of the petitioners who are 12-month employees the strike penalties which were deducted from their salaries. Judgment affirmed insofar as appealed from, with $50 costs and disbursements. Petitioners are clerical employees of the board of education who engaged in a strike on June 2, 1981. On June 2, 1981, the superintendent of schools determined that said strike was illegal. The Taylor Law (Civil Service Law, § 200 et seq.) provides that once such a determination is made, the public employer may deduct a penalty from a striking employee's paycheck in the manner set forth in section 210 (subd 2, par [g]) of the Civil Service Law. Paragraph (g) provides that all such penalties be deducted no earlier than 30 days and no later than 90 days after the date of the determination that the strike was illegal. The parties do not challenge the fact that a determination was made that the petitioners had violated section 210 of the Civil Service Law. Nor is it in dispute that proper notice was given to the employees affected by the determination. Moreover, the parties agree that August 31, 1981 was the 90th day following the determination. The only issue raised on appeal is when the deduction is deemed to have been made for the purposes of determining its timeliness. Special Term held that a deduction of a strike penalty is made when the employee's check reflecting the deduction is delivered. Thus, it concluded that in this case such deductions were untimely since the checks were not delivered until September 4, 1981. While we concur in the result reached by Special Term, we do not adhere to its reasoning. The time limitations contained in section 210 (subd 2, par [g]) of the Civil Service Law have been held to be mandatory rather than directory (Matter of King v Carey, 57 NY2d 505). Appellant contends that the deductions in question were timely based upon the dates that the pay in the checks accrued. The checks in which the strike penalties were deducted covered five payroll days, i.e., August 24, 25, 26, 27 and 28, all of which were prior to the 90th day after the determination. We are not prepared to extend the meaning of the statute that far. A literal reading of the statute requires the "deduction" to be made within the statutory period. We hold that compliance with the 90-day statutory time period is measured as of the date the check is issued, and not on the day that it is delivered (see Matter of Tenney v Rockefeller, 71 Misc 2d 643). The checks in this case were dated September 4, 1981. We note that our holding may have the effect of shortening the time limitation in certain instances where the 90th day after the public employer's determination does not coincide with the date of the payroll. Nonetheless, the statute provides adequate time to prepare for such contingency. In this case it appears that there was sufficient time to comply with the mandate of the statute. Gibbons, J. P., Thompson, Bracken and Niehoff, JJ., concur.